# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KPH HEALTHCARE SERVICES,
INC., individually and on behalf of
all others similarly situated, a/k/a
KINNEY DRUGS, INC.,

      Plaintiff,

v.

MYLAN N.V., et al.,

      Defendants.

Case No. 20-2065-EFM-TJJ

## MEMORANDUM AND ORDER

On February 14, 2020, plaintiff KPH Healthcare Services, Inc. filed this case against defendants Mylan N.V., Mylan Specialty L.P., Mylan Pharmaceuticals, Inc., Pfizer, Inc., King Pharmaceuticals, Inc., and Meridian Medical Technologies, Inc. The Complaint asserts class action allegations on behalf of a putative Class of Direct Purchasers of the EpiPen (an epinephrine auto-injector used to treat anaphylaxis) and alleges federal antitrust claims under the Sherman Antitrust Act § 2 for monopolization, unlawful tying, exclusive dealing, and deceptive conduct. Doc. 1 at 1, 80, 83–89 (Compl. ¶¶ 1, 171–205, 248).

In August 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created MDL 2785, *In re: EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litigation*. And, the JPML assigned that MDL to a judge in our court, Judge Daniel D. Crabtree. *See In Re: Epipen (Epinephrine Injection, USP) Marketing, Sales Practices and Antitrust Litig.*, No. 17-md-2785-DDC-TJJ. The MDL involves cases brought by end-payors of the EpiPen who assert claims of anticompetitive conduct or unfair methods of competition against Mylan N.V., Mylan Pharmaceuticals Inc., Mylan Specialty, L.P., Mylan Inc., Heather Bresch, Pfizer, Inc.,

King Pharmaceuticals, Inc., and Meridian Medical Technologies, Inc. arising from their manufacture, marketing, and sales of the EpiPen.

D. Kan. Rule 40.1 allows a judge to "transfer [a] case to another judge who consents to such transfer" when the judge has "the approval of the chief judge" and a transfer is "[i]n the interest of justice or to further the efficient disposition of the business of the court." D. Kan. Rule 40.1. Here, transfer of this case to Judge Crabtree is appropriate under D. Kan. Rule 40.1. Both this case and the MDL involve antitrust claims asserted against the distributors and manufacturers of the EpiPen arising from their manufacture and sale of the product. Thus, the court finds that a transfer is in the interest of justice and will promote efficient disposition of the court's business because it will allow a single judge to resolve the issues surrounding similar antitrust claims.[1]

Under similar circumstances, our court has transferred cases to another judge in the district when the transfer promotes judicial efficiency. *See, e.g.*, *Stoddard v. Oxy USA, Inc.*, No. 17-1067-JTM, 2017 WL 7370973, at *1 (D. Kan. Apr. 18, 2017) (transferring case to Judge Melgren because he was presiding over a case involving the same issues and same counsel, and thus, "judicial economy would be promoted by having a single judge resolve the issues surrounding such similar issues"); *A.H.L. Inc. of Del. v. Star Ins. Co.*, No. 97-4069-DES, 1997 WL 381755, at *1 (D. Kan. June 30, 1997) (transferring case to Judge Rogers because he was presiding over another case involving the same counsel and many of the same legal issues, and thus, "efficient disposition of the court's business would be furthered by the transfer of the above-captioned case to Judge Rogers").

---

[1] Consistent with D. Kan. Rule 40.1, the undersigned judge has received Chief Judge Julie A. Robinson's approval of the transfer here. Also, Judge Crabtree has consented to the transfer.

Following the guidance in these cases and for the reasons discussed above, the court finds that transferring this case to Judge Crabtree is appropriate under D. Kan. Rule 40.1. The court thus directs the Clerk of the Court to reassign this case to Judge Crabtree.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Clerk of the Court shall reassign this case to Judge Crabtree.

**IT IS SO ORDERED.**

**Dated this 30th day of March 2020, at Wichita, Kansas.**

**ERIC F. MELGREN**
**United States District Judge**