IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KPH HEALTHCARE SERVICES, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 20-cv-2065-DDC-TJJ<br>) |
| MYLAN N.V., et al., | )<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Stay Discovery (ECF No. 88). In their motion, Defendants jointly ask the undersigned Magistrate Judge to enter a stay of discovery pending the presiding District Judge's ruling on their motions to dismiss.[1] Plaintiff opposes the requested stay. For the reasons discussed below, the Court denies the motion.

**I.      Legal Standard for Motion to Stay Discovery**

The decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[2] The Tenth Circuit, however, has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[3] Therefore, as a general rule, the District of Kansas does not favor staying discovery pending a ruling on a dispositive motion.[4] A stay is not favored because it can delay a timely resolution of the matter.[5]

---

[1] Pfizer Defendants' Motion to Dismiss Plaintiff's Second Amended Class Action Complaint (ECF No. 76); The Mylan Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 78).
[2] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. U.S.*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007).
[3] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).
[4] *McCoy*, 2007 WL 2071770, at *2.
[5] *Wolf v. United States*, 157 F.R.D 494, 495 (D. Kan. 1994).

1

> Although, upon a showing of good cause, the court may . . . stay or limit the scope of discovery to protect a party from annoyance, embarrassment, oppression or undue burden or expense, bare assertions that discovery will be unduly burdensome or that it should be stayed because pending dispositive motions will probably be sustained, are insufficient to justify the entry of an order staying discovery generally.[6]

However, a stay pending a ruling on a dispositive motion is appropriate where (1) the case is *likely* to be finally concluded as a result of the ruling, (2) the facts sought through the remaining discovery would not affect the ruling on the pending motion, or (3) discovery on all issues in the case would be wasteful and burdensome.[7]

A party seeking a stay of discovery has the burden to clearly show a compelling reason for the court to issue a stay.[8]

## II.     Application of the Standard to This Case

Defendants argue all three factors apply. Although they acknowledge the Court declined to stay discovery in the EpiPen MDL,[9] Defendants assert Plaintiff is differently situated than the MDL class plaintiffs and Sanofi for this purpose. The differences include Plaintiff's alleged lack of standing to assert claims because of limits on the assignment of claims to Plaintiff, as well as lack of standing to bring claims against Pfizer because Plaintiff is not a direct purchaser from Pfizer. Defendants also argue each of Plaintiff's claims also suffers from fatal defects. Plaintiff

---

[6] *Evello Invs. N.V. v. Printed Media Servs., Inc.,* No. 94-2254-EEO, 1995 WL 135613, at *3 (D. Kan. Mar. 28, 1995) (quoting *Continental Ill. Nat'l Bank & Trust Co. v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990)).
[7] *Randle v. Hopson*, No. 12-CV-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495). Cases in this district frequently refer to these circumstances as "the *Wolf* factors." A stay may also be appropriate when the moving party has filed a dispositive motion asserting absolute or qualified immunity. E.*g., Garrett's Worldwide Enterprises, LLC v. United States*, 2014 WL 7071713, at *1 (D. Kan. Dec. 12, 2014) (citing cases). No Defendant asserts immunity in this case.
[8] *Evello Invs. N.V.*, 1995 WL 135613, at *3.
[9] *In re EpiPen (Epinephrine Injection USP) Marketing Sales Practices and Antitrust Litig.*, No. 17-md-2785-DDC-TJJ (MDL No. 2785) (D. Kan.).

vigorously disagrees with Defendants' assessment of the strength of their arguments. Having reviewed the parties' briefing, the Court does not agree Plaintiff's claims are likely to be totally and finally concluded as a result of Defendants' motions to dismiss. A stay of discovery is not warranted under the first factor.

Defendants conclusively assert a stay is warranted under the second factor because the Court will rule on their motions to dismiss while considering Plaintiff's well-pleaded factual allegations as true, thereby obviating the need for discovery. This argument does nothing more than repeat the standard of review for motions to dismiss.[10] The second factor is not instructive in this case, and the Court needn't consider it.

Finally, Defendants contend that commencing discovery before the parties or the Court know whether this case will go forward would be wasteful, burdensome, and unduly prejudicial. But they do not explain how, reducing the argument to nothing more than the inverse of the first factor. Defendants add another reason, suggesting discovery should be stayed while District Judge Crabtree considers the pending summary judgment in the EpiPen MDL. Having just distinguished the MDL from this case, though, the Court is not persuaded by Defendants' argument. A stay is not warranted under the third factor.

Defendants have not clearly shown a compelling reason for the court to issue a stay of all discovery.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery (ECF No. 88) is **DENIED**.

---

[10] *E.g., Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Dated this 23rd day of March, 2021 in Kansas City, Kansas.

/s/ Teresa J. James

Teresa J. James
U. S. Magistrate Judge

4