# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KPH HEALTHCARE SERVICES, INC. a/k/a KINNEY DRUGS INC., FWK HOLDINGS LLC, and CÉSAR CASTILLO, LLC, individually and on behalf of all those similarly situated, | Civil Action No. 2:20-cv-02065-DDC-TJJ |
| Plaintiffs, | |
| v. | |
| MYLAN, N.V., MYLAN PHARMACEUTICALS, INC., MYLAN SPECIALTY L.P., PFIZER, INC, and MERIDIAN MEDICAL TECHNOLOGIES, INC., | |
| Defendants. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF THE MYLAN DEFENDANTS TO CONSOLIDATED FOURTH AMENDED CLASS ACTION COMPLAINT

Defendants Mylan N.V.; Mylan Pharmaceuticals, Inc.; and Mylan Specialty L.P. (collectively, "Mylan"), by and through their attorneys, hereby answer the Consolidated Fourth Amended Class Action Complaint ("Complaint") as follows:

1.      Mylan admits that Plaintiffs KPH HEALTHCARE SERVICES, INC. a/k/a KINNEY DRUGS INC. ("KPH"), FWK HOLDINGS LLC ("FWK"), and CÉSAR CASTILLO, LLC ("CASTILLO") (collectively "Plaintiffs") purport to bring a Class Action Complaint against Defendants. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 1, and therefore denies the same.

# I.    NATURE OF THE CASE[1]

2.    Paragraph 2 contains argument and rhetoric to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 2.

3.    Mylan admits the allegations in Paragraph 3.

4.    In the first sentence of Paragraph 4, Mylan admits that in a December 2012 press release, it stated that it had been "the number one prescribed epinephrine auto-injector for more than 20 years." Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 4, and therefore denies the same.  Mylan denies the third sentence of Paragraph 4, but avers that in 2007, Mylan Laboratories Inc. entered into a Share Purchase Agreement to acquire Merck's generic pharmaceutical business.  As part of that transaction, Mylan acquired Merck Generics' U.S. specialty pharmaceutical business Dey L.P. (later known as Dey Pharma L.P.), and the name of Dey Pharma L.P. changed to Mylan Specialty L.P. in 2012.  As to the fourth sentence of Paragraph 4, Mylan admits that on July 31, 2013, Mylan Specialty L.P. entered into a U.S. NDA Transfer Agreement with Meridian Medical Technologies, Inc., transferring NDA No. 19-430 from Meridian Medical Technologies, Inc. to Mylan Specialty L.P.  Mylan denies the remaining allegations in Paragraph 4.

5.    Mylan admits that a 2010 Amended and Restated Supply agreement exists and states that the content of the agreement speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 5.

6.    Mylan denies the allegations contained in Paragraph 6.

7.    Mylan denies the allegations contained in Paragraph 7.

8.    Mylan denies the allegations contained in Paragraph 8.

---

[1] To the extent that any of the Complaint's headings or footnotes constitutes factual allegations, Mylan specifically denies each and every one of them.

9. Mylan admits that Plaintiffs purport to seek damages, but denies that they are entitled to any relief. Mylan denies the remaining allegations contained in Paragraph 9.

## II. JURISDICTION AND VENUE

10. Paragraph 10 contains legal assertions relating to jurisdiction as to which no response is required. To the extent a response is required, Mylan admits that this Court has jurisdiction over this action.

11. Paragraph 11 contains legal assertions relating to venue as to which no response is required. To the extent a response is required, Mylan admits that this case is properly before the United States District Court for the District of Kansas. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations that do not pertain to Mylan, and therefore denies the same. Mylan denies the remaining allegations contained in Paragraph 11.

12. Paragraph 12 contains legal assertions relating to venue as to which no response is required. To the extent a response is required, Mylan admits that this case is properly before the United States District Court for the District of Kansas. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations that do not pertain to Mylan, and therefore denies the same. Mylan denies the remaining allegations contained in Paragraph 12.

13. Paragraph 13 contains legal assertions relating to jurisdiction as to which no response is required. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations that do not pertain to Mylan, and therefore denies the same. Mylan denies the remaining allegations contained in Paragraph 13.

## III. THE PARTIES

### A. PLAINTIFFS

14. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 14, and therefore denies the same.

15.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 15, and therefore denies the same.

16.     Mylan admits that a document titled "Agreement for Assignment of Claims" dated December 12, 2018 exists and states that the content of that document speaks for itself.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 16, and therefore denies the same.

17.     Mylan admits that a document titled "Addendum to December 12, 2018 Agreement for Assignment of Claims" dated August 31, 2020 exists and states that the content of that document speaks for itself.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 17, and therefore denies the same.

18.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 18, and therefore denies the same.

19.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 19, and therefore denies the same.

20.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 20, and therefore denies the same.

21.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 21, and therefore denies the same.  Further, to the extent that the allegations in Paragraph 21 relate to Plaintiffs' claims premised on purchases from Teva, this claim was dismissed pursuant to the Court's August 8, 2022 Memorandum and Order ("MTD Order"), Dkt. 241 at 36-39, 79-80, and therefore no response is required.  To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 21.

## B.    DEFENDANTS

22.    Mylan admits that Mylan N.V. was formed under the laws of the Netherlands, that its principal executive offices were located in Hatfield, Hertfordshire, England, and that Mylan N.V.'s global headquarters were located in Canonsburg, Pennsylvania.    Mylan further admits that in November 2020, Mylan N.V. combined with Upjohn Company in an all-stock, Reverse Morris Trust transaction to form Viatris Inc., and that Viatris Inc. is incorporated in Delaware and has its principal executive offices in Canonsburg, Pennsylvania.    Mylan denies the remaining allegations contained in Paragraph 22.

23.    Mylan denies the allegations contained in the first sentence of Paragraph 23. Mylan admits that Mylan Pharmaceuticals Inc. is a wholly-owned indirect subsidiary of Viatris Inc.  Mylan denies the remaining allegations contained in Paragraph 23.

24.    Mylan admits the allegations contained in the first and third sentences of Paragraph 24.  Mylan denies the allegations contained in the second sentence of Paragraph 24.  Mylan admits that the name of Dey Pharma, L.P was changed to Mylan Specialty L.P. in 2012.  Mylan denies the remaining allegations contained in Paragraph 24.

25.    Mylan admits that Plaintiffs purport to refer to Mylan N.V., Mylan Specialty L.P. and Mylan Pharmaceuticals, Inc. as "Mylan" and the "Mylan Defendants."

26.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the first sentence of Paragraph 26, and therefore denies the same.  Mylan admits that since October 2, 2007, Meridian has supplied all EpiPen devices sold by Mylan (which acquired Dey Pharma in 2007) in the United States.  Mylan denies the remaining allegations contained in Paragraph 26.

27.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 27, and therefore denies the same.

28.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 28, and therefore denies the same.

29.     Mylan denies the allegations contained in Paragraph 29.

30.     Mylan denies the allegations contained in Paragraph 30.

## IV.     LEGAL AND REGULATORY BACKGROUND

### A.     The Regulatory Structure for the Approval of Drugs and Substitution of Generics for Brand Name Drugs

31.     The allegations in Paragraph 31 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 31, and therefore denies the same.

32.     The allegations in Paragraph 32 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 32, and therefore denies the same.

33.     The allegations in Paragraph 33 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 33, and therefore denies the same.

34.     The allegations in Paragraph 34 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 34, and therefore denies the same.

35. The allegations in Paragraph 35 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 35, and therefore denies the same.

**B. The Hatch-Waxman Amendments Advanced the Goal of Providing Access to Generic Drugs**

36. The allegations in Paragraph 36 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 36, and therefore denies the same.

37. The allegations in Paragraph 37 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 37, and therefore denies the same.

38. The allegations in Paragraph 38 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 38, and therefore denies the same.

39. The allegations in Paragraph 39 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 39, and therefore denies the same.

40. The allegations in Paragraph 40 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient

to form a belief concerning the truth of the allegations in Paragraph 40, and therefore denies the same.

### C. ANDA Patent Certifications Provide Incentives to Generic Manufacturers to Challenge Patents

41.     The allegations in Paragraph 41 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 41, and therefore denies the same.

42.     The allegations in Paragraph 42 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 42, and therefore denies the same.

43.     The allegations in Paragraph 43 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 43, and therefore denies the same.

44.     The allegations in Paragraph 44 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 44, and therefore denies the same.

45.     The allegations in Paragraph 45 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 45, and therefore denies the same.

46. The allegations in Paragraph 46 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 46, and therefore denies the same.

47. The allegations in Paragraph 47 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 47, and therefore denies the same.

**D.** **Generic Competition Serves the Public Interest**

48. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 48, and therefore denies the same.

49. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 49, and therefore denies the same.

50. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 50, and therefore denies the same.

51. Mylan denies the allegations contained in the first sentence of Paragraph 51. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 51, and therefore denies the same.

52. The allegations in Paragraph 52 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 52, and therefore denies the same.

53. The allegations in Paragraph 53 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient

to form a belief concerning the truth of the allegations in Paragraph 53, and therefore denies the same.

54. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 54, and therefore denies the same.

55. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 55, and therefore denies the same.

56. Mylan admits that Paragraph 56 purports to quote a study and states that the content of the study speaks for itself. Mylan denies the remaining allegations contained in Paragraph 56.

57. Mylan admits that Paragraph 57 purports to excerpt a study and states that the content of the study speaks for itself. Mylan denies Plaintiffs' characterization of that study and denies the remaining allegations contained in Paragraph 57.

58. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 58, and therefore denies the same.

E. **Drug Companies Have Strong Financial Incentives to Agree to Anticompetitive Terms**

59. The allegations in Paragraph 59 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 59, and therefore denies the same.

60. The allegations in Paragraph 60 state legal conclusions as to which no response is required. To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 60, and therefore denies the same.

61.     The allegations in Paragraph 61 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 61, and therefore denies the same.

62.     The allegations in Paragraph 62 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 62, and therefore denies the same.

63.     Mylan admits that Paragraph 63 purports to quote a report and states that the content of the report speaks for itself.  Mylan denies Plaintiffs' characterization of that report and denies the remaining allegations contained in Paragraph 63.

64.     Mylan admits that Paragraph 64 purports to quote a study and states that the content of the study speaks for itself.  Mylan denies Plaintiffs' characterization of that study.   Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 64, and therefore denies the same.

65.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 65, and therefore denies the same.

66.     Mylan admits that Paragraph 66 purports to quote a study and states that the content of the article speaks for itself.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 66, and therefore denies the same.

67.     The allegations in Paragraph 67 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient

to form a belief concerning the truth of the allegations in Paragraph 67, and therefore denies the same.

68.     Mylan admits that Paragraph 68 purports to reference an FTC report and states that the report speaks for itself.  Mylan denies Plaintiffs' characterization of the report.  The remaining allegations in Paragraph 68 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 68, and therefore denies the same.

69.     The allegations in Paragraph 69 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 69, and therefore denies the same.

70.     Mylan admits that Paragraph 70 purports to reference a "2011 FTC AG Study" and states that the study speaks for itself.  Mylan denies Plaintiffs' characterization of the study.  The remaining allegations in Paragraph 70 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 70, and therefore denies the same.

71.     The allegations in Paragraph 71 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 71, and therefore denies the same.

72.     The allegations in Paragraph 72 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient

to form a belief concerning the truth of the allegations in Paragraph 72, and therefore denies the same.

**F.      Genuine Citizen Petitions to the FDA Serve a Public Good; Fraudulent Petitions Delay Generic Competition**

73.      The allegations in Paragraph 73 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 73, and therefore denies the same.

74.      The allegations in Paragraph 74 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 74, and therefore denies the same.

75.      The allegations in Paragraph 75 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 75, and therefore denies the same.

76.      Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 76, and therefore denies the same.

77.      Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 77, and therefore denies the same.

78.      The allegations in Paragraph 78 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 78, and therefore denies the same.

79.     The allegations in Paragraph 79 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 79, and therefore denies the same.

80.     The allegations in Paragraph 80 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 80, and therefore denies the same.

81.     Mylan admits that Paragraph 81 purports to contain a quote from former FDA Chief Counsel and states that the contents of those remarks speaks for itself.  Mylan denies Plaintiffs' characterization of those remarks.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 81, and therefore denies the same.

82.     The allegations in Paragraph 82 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 82, and therefore denies the same.

83.     Mylan admits that Paragraph 83 purports to quote a 2020 report to Congress and states that the report speaks for itself.  Mylan denies Plaintiffs' characterization of the report. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 83, and therefore denies the same.

**G.      EAIs and FDA Approval**

84.     The allegations in Paragraph 84 state legal conclusions as to which no response is required.  To the extent a response is required,  Mylan lacks knowledge or information sufficient

to form a belief concerning the truth of the allegations in Paragraph 84, and therefore denies the same.

85.     Mylan admits that proper training in how to use EpiPen products is important and that many caregivers and physicians are trained to use EpiPen products. Mylan denies the remaining allegations contained in Paragraph 85.

86.     Mylan admits that Paragraph 86 purports to rely on unspecified statements from "Mylan itself" and states that any such statements speak for themselves. Mylan denies Plaintiffs' characterization of such statements. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the second sentence of Paragraph 86. Mylan denies the remaining allegations contained in Paragraph 86.

## V.     STATEMENT OF FACTS

### A.     Epinephrine Auto-Injectors

87.     Mylan admits that anaphylaxis is a potentially severe or life-threatening allergic reaction and avers that the symptoms of anaphylaxis can vary. Mylan denies the remaining allegations contained in Paragraph 87.

88.     Mylan admits the allegations contained in the first two sentences of Paragraph 88. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 88, and therefore denies the same.

89.     Mylan admits that, during her testimony before Congress in September 2016, Ms. Bresch stated that, "[b]efore Mylan acquired the company that owned EpiPen in 2007, . . . it was estimated that anaphylaxis was causing 1,500 deaths annually." Mylan also admits that it stated in a letter to Senator Charles E. Grassley in September 2016 that there were "43 million patients at risk for anaphylaxis and 1 in 13 children affected by food allergies." Mylan denies the remaining allegations contained in Paragraph 89.

90.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 90, and therefore denies the same.

91.     Mylan denies the allegations contained in the first sentence in Paragraph 91 as stated, but avers that intramuscular epinephrine is the first-line therapy for anaphylaxis, as designated by National Institute of Allergy and Infectious Diseases ("NIAID").  Mylan admits the allegations contained in the second sentence of Paragraph 91.

92.     Mylan admits that an epinephrine auto-injector device injects epinephrine into a muscle through the device's spring-loaded needle.  Mylan further admits that the image from the article "Mylan's Upgraded EpiPen Torn Apart By Experts" exists and states that the content of the image speaks for itself.

93.     Mylan admits that the article, "The Story of the EpiPen: From Military Technology to Drug-Industry Cash Cow" exists and states that the content of the article speaks for itself.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 93, and therefore denies the same.

94.     Mylan admits the allegations contained in Paragraph 94.

95.     With respect to the first sentence of Paragraph 95, Mylan states that Meridian Medical Technologies' 10-K filing speaks for itself.  Mylan denies the second sentence of Paragraph 95.

96.     Mylan denies the first sentence of Paragraph 96.  Mylan avers that in 2007, Mylan Laboratories Inc. entered into a Share Purchase Agreement to acquire Merck's generic pharmaceutical business.  As part of that transaction, Mylan acquired Merck's Generic's U.S. specialty pharmaceutical business Dey L.P. (later known as Dey Pharma L.P.), and the name of

Dey Pharma L.P. changed to Mylan Specialty L.P. in 2012. Mylan admits the second and third sentences of Paragraph 96.

97. Mylan admits that Paragraph 97 purports to quote an article and states that the content of the article speaks for itself. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 97, and therefore denies the same.

98. Mylan admits that a Supply Agreement exists between Mylan and Meridian and that the contents of that agreement speaks for itself. Mylan denies the remaining allegations contained in Paragraph 98.

99. Mylan admits the allegations in the first sentence of Paragraph 99. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 99, and therefore denies the same. Mylan denies the allegations contained in the third sentence of Paragraph 99.

100. Mylan admits that the press release referenced in Paragraph 100 exists and that the content of the press release speaks for itself. Mylan denies Plaintiffs' characterization of the press release and denies the remaining allegations in Paragraph 100.

101. Mylan admits that the allegations in the second sentence of Paragraph 101 reference language from the press release cited in Paragraph 100 and states that the content of the press release speaks for itself. Mylan denies the remaining allegations contained in Paragraph 101.

102. Mylan denies the allegations contained in Paragraph 102.

103. Mylan lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103, and therefore denies the same.

104. Mylan denies the allegations contained in Paragraph 104.

105.     Mylan denies the allegations contained in Paragraph 105.

106.     Mylan admits that the March 1, 2017 10-K of Mylan N.V. exists and states that the contents of the 10-K speaks for itself.

107.     Mylan admits that Paragraph 107 purports to quote two articles and states that the articles speak for themselves.  Mylan denies the remaining allegations contained in Paragraph 107.

**B.     Defendants Unlawfully Delayed Generic Competition**

108.     Mylan denies the allegations contained in the first sentence of Paragraph 108.  The second sentence of Paragraph 108 states legal conclusions to which no response is required.  To the extent a response is required,  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the second sentence, and therefore denies the same.

109.     The allegations in the first sentence of Paragraph 109 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the first sentence of Paragraph 109, and therefore denies the same.  Mylan denies the remaining allegations contained in Paragraph 109.

110.     Mylan admits that Ms. Bresch made statements on a Q1 2009 earnings call on April 30, 2009 but denies that Heather Bresch was CEO of Mylan in 2009 and Plaintiffs' characterization of those statements and denies the remaining allegations contained in Paragraph 110.

111.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 111, and therefore denies the same.

112.     Mylan denies the allegations contained in Paragraph 112.

113.     Mylan denies the allegations contained in Paragraph 113.

114.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the last sentence of Paragraph 114, and therefore denies the same.  Mylan denies the remaining allegations contained in Paragraph 114.

115.    With respect to the first sentence of Paragraph 115, Mylan states that the Orange Book speaks for itself and admits that Meridian was at one point the sponsor of the NDA for EpiPen.   Mylan denies the remaining allegations contained in Paragraph 115.

### 1.    Teva Litigation

116.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 116, and therefore denies the same.

117.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the first sentence of Paragraph 117, and therefore denies the same.  As to the third sentence, Mylan admits that it entered into a common interest agreement with Pfizer.  Mylan denies the remaining allegations contained in Paragraph 117.

118.    Mylan admits, based on publicly available information, that King Pharmaceuticals, Inc. filed a First Amended Complaint on November 11, 2010 and that the Amended Complaint speaks for itself.

119.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 119, and therefore denies the same.

120.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 120, and therefore denies the same.

121.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 121, and therefore denies the same.

122.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 122, and therefore denies the same.

123.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 123, and therefore denies the same.

124.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 124, and therefore denies the same.

125.    Mylan admits that the press release referenced in Paragraph 125 exists and states that the content of the press release speaks for itself.  Mylan also admits that it signed a covenant not to sue.  Mylan denies the remaining allegations contained in Paragraph 125.

126.    The allegations in Paragraph 126 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 126.

127.    The allegations in Paragraph 127 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 127.

128.    The allegations in Paragraph 128 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 128.

129.    Mylan admits that the term sheet relating to the Teva settlement was submitted to the FTC in 2012.

130.    Mylan admits that Paragraph 130 purports to quote an FTC report and states that the content of the report speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 130.

131.    Mylan admits that the press release quoted in Paragraph 131 exists and states that the content of the press release speaks for itself.

132. Mylan admits the first sentence of Paragraph 132. In the second sentence, Mylan admits that it was not a signatory to the settlement agreement between Pfizer and Teva, that it signed a covenant not to sue, and that a Supply Agreement exists between Mylan and Meridian. Mylan states that the supply agreement speaks for itself. Mylan denies the remaining allegations contained in Paragraph 132.

133. Mylan admits that Mylan Inc.'s CEO, Heather Bresch, made statements during Mylan Inc.'s July 26, 2012 earnings call. However, Mylan denies Plaintiffs' characterization of those statements.

134. The allegations in Paragraph 134 state legal conclusions to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 134.

135. Mylan admits that Cephalon filed a patent-infringement lawsuit against Mylan Inc. in December 2009 in the U.S. District Court for the District of Delaware. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 135, and therefore denies the same.

136. The allegations in Paragraph 136 state legal conclusions to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 136.

137. Mylan admits that Cephalon filed a patent-infringement lawsuit against Mylan Inc. in December 2009 in the U.S. District Court for the District of Delaware. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 137, and therefore denies the same.

138.     Mylan admits that Cephalon filed a patent-infringement lawsuit against Mylan Inc. in December 2009 in the U.S. District Court for the District of Delaware.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 138, and therefore denies the same.

139.     The allegations in Paragraph 139 state legal conclusions to which no response is required.  To the extent a response is required, Mylan admits that the FDA tentatively approved Mylan's ANDA for armodafinil in January 2012.   Mylan denies the remaining allegations contained in Paragraph 139.

140.     Mylan admits that the allegations in Paragraph 140 purport to rely on information contained in the Court's Memorandum and Order regarding summary judgment in the EpiPen MDL (Dkt. 2381).  Mylan denies Plaintiffs' characterization of the contents of that order, and denies the remaining allegations in Paragraph 140.

141.     Mylan admits that the parties to the Nuvigil patent litigation (*Cephalon, Inc.  v. Mylan Pharms.*, Inc., No. 1:09-cv-00954 (D.  Del.)) executed a term sheet to settle that action on April 26, 2012.  Mylan denies the remaining allegations contained in Paragraph 141.

142.     Mylan denies the allegations contained in the last sentence in Paragraph 142. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 142, and therefore denies the same.

143.     Mylan denies the allegations contained in Paragraph 143.

### 2.     Intelliject/Auvi-Q Litigation

144.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 144, and therefore denies the same.

145.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 145, and therefore denies the same.

146.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 146, and therefore denies the same.

147.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 147, and therefore denies the same.

148.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 148, and therefore denies the same.

149.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 149, and therefore denies the same.

150.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 150, and therefore denies the same.

151.    Mylan denies the allegations contained in Paragraph 151.

152.    Mylan admits that Mylan Inc. issued a February 16, 2012 press release regarding a patent-litigation settlement with Intelliject and states that the content of the press release speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 152.

153.    Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 153, and therefore denies the same.

### 3.    Sandoz Litigation

154.    The allegations in Paragraph 154 relate to claims regarding patent litigation with Sandoz that were dismissed pursuant to the MTD Order, and therefore no response is required.[2] To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 154.

---

[2] MTD Order at 78.

### 4. Mylan's Meritless Citizen Petition

155. Mylan admits that Mylan Specialty filed a citizen petition with the FDA in January 2015 and states that the content of the petition speaks for itself. Mylan also admits that the FDA denied the citizen petition without comment on June 15, 2015. Mylan denies the remaining allegations contained in Paragraph 155.

156. Mylan admits that the allegations in Paragraph 156 purport to quote an article and states that the content of the article speaks for itself. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the remaining allegations in Paragraph 156, and therefore denies the same.

157. Mylan admits that the allegations in Paragraph 157 purport to quote an article and states that the content of the article speaks for itself. Mylan denies the remaining allegations contained in Paragraph 157, including the allegations contained in each of its subparts.

158. Mylan admits that Mylan Specialty filed a citizen petition with the FDA in January 2015 and states that the content of the petition speaks for itself. Mylan denies the remaining allegations contained in Paragraph 158.

159. Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 159, and therefore denies the same.

160. Mylan denies the allegations contained in Paragraph 160.

### 5. The Availability of Teva's AB-Rated Generic EpiPen Was Substantially Delayed as a Direct Result of Defendants' Misconduct

161. Mylan denies the allegations contained in Paragraph 161.

162. Mylan denies the allegations contained in Paragraph 162.

163. Mylan denies the allegations contained in Paragraph 163.

**C.     Defendants Exploited Their Market Dominance by Charging Supra-Competitive Prices for EpiPens**

164.    Mylan denies the allegations contained in Paragraph 164.

165.    Mylan admits that the press release referenced in Paragraph 165 exists and states that the content of the press release speaks for itself.  Mylan admits that the presentation referenced in Paragraph 165 exists and that the content of that presentation speaks for itself.  However, Mylan denies Plaintiffs' characterization of the press release and presentation and denies the remaining allegations contained in Paragraph 165.

166.    Mylan admits that the WAC of EpiPen products has increased 15 times since late 2009, but denies any implication that these WAC increases were unjustified or improper.  Mylan admits that on October 12, 2009, Dey raised the WAC of two EpiPen devices from $103.50 to $124.30.  Mylan admits that in October 2011, Dey raised the WAC of two EpiPen devices from $164.98 to $181.30.  Mylan admits that in July 2013, Mylan Specialty raised the WAC of two EpiPen devices from $240.66 to $264.50.  Mylan admits that in November 2014, Mylan Specialty raised the WAC of two EpiPen devices from $349.19 to $401.22.

167.    Mylan denies the allegations contained in Paragraph 167.

168.    Mylan admits that the allegations in Paragraph 168 purport to quote a June 4, 2017 New York Times article and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 168.

169.    Mylan admits that the allegations in Paragraph 169 purport to quote a September 1, 2016 New York Times article and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 169.

170.     Mylan admits that the allegations in Paragraph 170 purport to quote a September 1, 2016 New York Times article and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 170.

171.     Mylan admits that in May 2016, the WAC of two EpiPen devices was approximately $608.  Mylan denies the remaining allegations contained in Paragraph 171.

172.     Mylan admits that the allegations in Paragraph 172 purport to reference a chart from Wells Fargo Equity Research and states that the chart speaks for itself.  Mylan denies Plaintiffs' characterization of the chart, and denies the remaining allegations contained in Paragraph 172.

173.     Mylan denies the allegations contained in Paragraph 173.

174.     Mylan admits that the allegations in Paragraph 174 purport to quote a September 1, 2016 article and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 174.

175.     Mylan denies the allegations contained in Paragraph 175.

176.     Mylan admits that on December 16, 2016 it announced that it was launching an authorized generic for EpiPen Auto-Injector at a wholesale acquisition cost of $300 per two-pack. Mylan denies the remaining allegations contained in Paragraph 176.

177.     Mylan admits that the allegations in Paragraph 177 purport to quote a September 2, 2016 article and states that the content of the article speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 177.

178.     Mylan denies the allegations in the first sentence of Paragraph 178.  Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in second sentence of Paragraph 178, and therefore denies the same.

## VI.  DEFENDANTS' ACTIONS IMPACT INTERSTATE TRADE AND COMMERCE

179.  The allegations in Paragraph 179 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan admits that EAI drug devices are sold in interstate commerce, but denies the remaining allegations contained in Paragraph 179.

180.  The allegations in Paragraph 180 state legal conclusions as to which no response is required.  Mylan admits that EAI drug devices are sold in interstate commerce, but denies the remaining allegations contained in Paragraph 180.

181.  The allegations in Paragraph 181 state legal conclusions as to which no response is required.  Mylan admits that EAI drug devices are sold in interstate commerce, but denies the remaining allegations contained in Paragraph 181.

182.  Mylan denies the allegations contained in Paragraph 182.

183.  Mylan denies the allegations contained in Paragraph 183.

184.  Mylan denies the allegations contained in Paragraph 184.

## VII.  MARKET POWER AND DEFINITION

185.  The allegations in Paragraph 185 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 185, and therefore denies the same.

186.  The allegations in Paragraph 186 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 186.

187.    The allegations in Paragraph 187 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 187.

188.    The first sentence of Paragraph 188 states a legal conclusion to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in the first sentence of Paragraph 188.  Mylan admits that the February 22, 2011 10-K of Mylan Inc. exists and states that the content of the 10-K speaks for itself.  Mylan denies the remaining allegations contained in Paragraph 188.

189.    The allegations in Paragraph 189 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 189, and therefore denies the same.

190.    The allegations in Paragraph 190 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 190, and therefore denies the same.

191.    The allegations in Paragraph 191 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 191, and therefore denies the same.

192.    The allegations in Paragraph 192 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 192.

193.     The allegations in Paragraph 193 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 193.

194.     Mylan admits that the allegations in Paragraph 194 purport to quote an April 26, 2012 earnings call and an August 1, 2013 presentation and states that the contents of the documents speak for themselves.  Mylan denies Plaintiffs' characterization of the documents and denies the remaining allegations in Paragraph 194.

195.     Mylan admits that the allegations in Paragraph 195 purport to quote Mylan Inc.'s March 4, 2014 Earnings call and states that the content of the transcript speaks for itself.  Mylan denies Plaintiffs' characterization of those statements and denies the remaining allegations in Paragraph 195.

196.     The allegations in Paragraph 196 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 196.

197.     The allegations in Paragraph 197 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 197.

198.     The allegations in Paragraph 198 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 198.

199.     The allegations in Paragraph 199 state legal conclusions to which no response is required.  To the extent a response is required, Mylan admits that the 2016 Orange Book states that Mylan Specialty L.P. owns four patents related to epinephrine auto-injectors.  However,

Mylan states that Meridian was the owner of the patents at the time they were listed in the 2016 Orange Book as to the EpiPen products. Mylan denies the remaining allegations contained in Paragraph 199.

200. Mylan admits that the allegations in Paragraph 200 purport to quote a March 14, 2012 article and an August 26, 2016 article and states that the articles speak for themselves. Mylan denies Plaintiffs' characterization of the statements referenced in Paragraph 200, and denies the remaining allegations contained in Paragraph 200.

201. The allegations in Paragraph 201 state legal conclusions to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 201.

202. The allegations in Paragraph 202 state legal conclusions as to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 202.

203. Mylan denies the allegations contained in Paragraph 203.

204. The allegations in Paragraph 204 state legal conclusions as to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 204.

205. The allegations in Paragraph 205 state legal conclusions as to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 205.

## VIII.   ANTITRUST IMPACT AND DAMAGES TO THE CLASS

206.     Mylan denies the allegations contained in Paragraph 206, including the allegations contained in each of its subparts.

207.     Mylan denies the allegations contained in Paragraph 207.

208.     Mylan denies the allegations contained in Paragraph 208.

209.     Mylan denies the allegations contained in Paragraph 209.

210.     Mylan denies the allegations contained in Paragraph 210.

211.     Mylan denies the allegations contained in Paragraph 211.

212.     Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in the first sentence of Paragraph 212, and therefore denies the same.  Mylan denies the remaining allegations contained in Paragraph 212.  Further, to the extent that the allegations in Paragraph 212 relate to Plaintiffs' claims premised on purchases from Teva, this claim was dismissed pursuant to the MTD Order, and therefore no response is required.[3]  To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 212.

213.     The allegations in Paragraph 213 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 213.

214.     The allegations in Paragraph 214 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 214.

215.     The allegations in Paragraph 215 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph

---

[3] MTD Order at 36-39, 79-80.

215. Further, to the extent that the allegations in Paragraph 215 relate to Plaintiffs' claims premised on purchases from Teva, this claim was dismissed pursuant to the MTD Order, and therefore no response is required.[4] To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 215.

## IX.   TOLLING OF STATUTES OF LIMITATION

216. In response to Paragraph 216, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

217. Mylan denies the allegations contained in Paragraph 217.

218. The allegations in Paragraph 218 state legal conclusions to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 218.

219. Mylan denies the allegations contained in Paragraph 219.

220. The allegations in Paragraph 220 state legal conclusions to which no response is required. To the extent a response is required, Mylan denies the allegations contained in Paragraph 220.

221. The first sentence of Paragraph 221 states a legal conclusion to which no response is required. To the extent a response is required, Mylan denies the allegations contained in the first sentence of Paragraph 221. Mylan denies the remaining allegations contained in Paragraph 221.

222. Mylan denies the allegations contained in Paragraph 222.

223. Mylan denies the allegations contained in Paragraph 223.

---

[4] *Id.*

224.     The allegations in Paragraph 224 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 224.

225.     The allegations in Paragraph 225 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 225.

226.     The allegations in Paragraph 226 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 226.

227.     The allegations in Paragraph 227 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 227.

228.     The allegations in Paragraph 228 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 228, and therefore denies the same.

229.     The allegations in Paragraph 229 state legal conclusions to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 229.

230.     The allegations in Paragraph 230 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations in Paragraph 230. Further, to the extent that the allegations in Paragraph 230 relate to Plaintiffs' claims premised on purchases from Teva, this claim was dismissed pursuant to the MTD Order, and therefore no

response is required.[5]  To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 230.

## X.  CLASS ACTION ALLEGATIONS

231.  Mylan admits that Plaintiffs purport to bring this lawsuit, both individually and as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).  The remaining allegations state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 231.  Further, to the extent that the allegations in Paragraph 231 relate to Plaintiffs' claims premised on purchases from Teva, this claim was dismissed pursuant to the MTD Order, and therefore no response is required.[6]  To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 231.

232.  The allegations in Paragraph 232 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 232, and therefore denies the same.

233.  The allegations in Paragraph 233 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 233, and therefore denies the same.  Further, to the extent that the allegations in Paragraph 233 relate to Plaintiffs' claims premised on purchases from Teva, this claim was dismissed pursuant to the MTD Order, and

---

[5] MTD Order at 36-39, 79-80.
[6] MTD Order at 36-39, 79-80.

therefore no response is required.[7] To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 233.

234.    The allegations in Paragraph 234 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 234, and therefore denies the same.

235.    The allegations in Paragraph 235 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 235, and therefore denies the same.

236.    The allegations in Paragraph 236 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan denies the allegations contained in Paragraph 236, including the allegations contained in each of its subparts.

237.    The allegations in Paragraph 237 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 237, and therefore denies the same.

238.    The allegations in Paragraph 238 state legal conclusions as to which no response is required.  To the extent a response is required, Mylan lacks knowledge or information sufficient to form a belief concerning the truth of the allegations in Paragraph 238, and therefore denies the same.

---

[7] MTD Order at 36-39, 79-80.

# XI.    CAUSES OF ACTION

## COUNT I

## VIOLATION OF SECTION I OF THE SHERMAN ACT, 15 U.S.C. § 1

239.     In response to Paragraph 239, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

240.     Mylan denies the allegations contained in Paragraph 240.

241.     Mylan denies the allegations contained in Paragraph 241.

242.     Mylan denies the allegations contained in Paragraph 242.

243.     Mylan denies the allegations contained in Paragraph 243.

244.     Mylan denies the allegations contained in Paragraph 244.

245.     Mylan denies the allegations contained in Paragraph 245.

246.     Mylan denies the allegations contained in Paragraph 246. Further, to the extent that the allegations in Paragraph 246 relate to Plaintiffs' claims premised on purchases from Teva, this claim was dismissed pursuant to the MTD Order, and therefore no response is required.[8] To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 246.

247.     Mylan denies the allegations contained in Paragraph 247. Further, to the extent that the allegations in Paragraph 247 relate to Plaintiffs' claims premised on purchases from Teva, this claim was dismissed pursuant to the MTD Order, and therefore no response is required.[9] To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 247.

248.     Mylan denies the allegations contained in Paragraph 248. Further, to the extent that the allegations in Paragraph 248 relate to Plaintiffs' claims premised on purchases from Teva, this

---

[8] MTD Order at 36-39, 79-80.
[9] MTD Order at 36-39, 79-80.

claim was dismissed pursuant to the MTD Order, and therefore no response is required.[10]  To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 248.

## COUNT II

## VOLATION OF SECTION 2 OF THE SHERMAN ACT, 15 U.S.C. § 2

249.    In response to Paragraph 249, Mylan incorporates each of its responses to the allegations in the paragraphs above and below as if fully set forth herein.

250.    Mylan denies the allegations contained in Paragraph 250.

251.    Mylan denies the allegations contained in Paragraph 251.

252.    Mylan denies the allegations contained in Paragraph 252.

253.    Mylan denies the allegations contained in Paragraph 253.

254.    Mylan denies the allegations contained in Paragraph 254.

255.    Mylan denies the allegations contained in Paragraph 255.

256.    Mylan denies the allegations contained in Paragraph 256.  Further, to the extent that the allegations in Paragraph 256 relate to Plaintiffs' claims premised on purchases from Teva, this claim was dismissed pursuant to the MTD Order, and therefore no response is required.[11]  To the extent a response is deemed required, Mylan denies the allegations contained in Paragraph 256.

## XII.    PRAYER FOR RELIEF

Mylan denies that Plaintiffs are entitled to any relief.  To the extent Mylan has not specifically admitted any allegation herein, it is denied.  Further, Mylan states that it is entitled to any relief that this Court may deem just or appropriate, in equity or at law.

## XIII.   JURY DEMAND

Mylan admits that Plaintiffs purport to demand a jury trial.

---

[10] MTD Order at 36-39, 79-80.
[11] MTD Order at 36-39, 79-80.

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' Complaint, subject to discovery, based on information and belief, and without assuming the burden of proof on any issue for which Plaintiffs bear the burden of proof, Mylan asserts the following additional affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted against Mylan under Sections 1 and 2 of the Sherman Act or Section 4 of the Clayton Act because, among other things: (1) Plaintiffs fail to allege causation for their antitrust claims regarding patent settlements, (2) Plaintiffs fail to allege a reverse-payment settlement, (3) Plaintiffs fail to allege any facts showing Mylan's involvement in an antitrust conspiracy, (4) Plaintiffs' claims are time-barred, and (5) Plaintiffs fail to allege a claim, including causation, regarding Mylan's citizen petition to the FDA. The Court already dismissed (1) "[P]laintiffs' claims asserted on behalf of persons or entities who purchased EpiPen directly from Teva" and (2) "[P]laintiffs' antitrust claims premised on the Sandoz litigation." MTD Order at 86.

### SECOND AFFIRMATIVE DEFENSE
(Procompetitive Benefits)

The procompetitive benefits of Mylan's alleged conduct substantially outweigh its purportedly anticompetitive effects.

### THIRD AFFIRMATIVE DEFENSE
(Copperweld Doctrine)

To the extent any of Plaintiffs' claims are based on activity by Mylan with other parties that share unified economic interests, Mylan is immune from antitrust liability under the *Copperweld* doctrine. *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752 (1984).

## FOURTH AFFIRMATIVE DEFENSE
### (*Noerr-Pennington* Immunity)

To the extent any of Plaintiffs' claims are based on government petitioning activity by Mylan, Mylan is immune from antitrust liability under the *Noerr-Pennington* doctrine. *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 56–60 (1993).

## FIFTH AFFIRMATIVE DEFENSE
### (Article III Standing)

Plaintiffs have suffered no injury and do not have standing to assert a Sherman Act claim.

## SIXTH AFFIRMATIVE DEFENSE
### (Antitrust Standing)

Plaintiffs lack standing to bring an antitrust claim because they have not suffered "injury of the type of the antitrust laws were intended to prevent and that flows from that which makes defendant's acts unlawful." *Atl. Richfield Co. v. USA Petroleum Co.*, 495 U.S. 328, 334 (1990).

## SEVENTH AFFIRMATIVE DEFENSE
### (Injury)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs, as direct purchasers of EpiPen devices, benefitted from price increases and profit from any alleged overcharges, and have not suffered any injury.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Harm to Competition)

The acts or omissions of Mylan did not substantially lessen competition in any properly defined market.

## NINTH AFFIRMATIVE DEFENSE
### (Causation)

Plaintiffs' claims are barred, in whole or in part, because any alleged injuries and damages either were not legally or proximately caused by any act or omission of Mylan or were caused, if

at all, solely and proximately by Plaintiffs' conduct or by the conduct of third parties, including, without limitation, the prior, intervening, or superseding conduct of Plaintiffs or such third parties.

## TENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiffs' Sherman Act allegations exceed four years from the date of the filing of the Complaint, such claims or allegations are barred by the four-year statute of limitations under the Clayton Act, 15 U.S.C. § 15b.

## ELEVENTH AFFIRMATIVE DEFENSE
(Knowledge)

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' own knowledge of the information that Plaintiffs allege that Mylan concealed or misrepresented.

## TWELFTH AFFIRMATIVE DEFENSE
(Acquiescence)

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' active and knowing acquiescence, equal involvement, ratification, consent and/or participation in the conduct alleged in the case.

## THIRTEENTH AFFIRMATIVE DEFENSE
(Cost-Plus Contracts)

Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs entered into cost-plus contracts with parties who purchased from Plaintiffs before Plaintiffs began paying any purported overcharge.

## FOURTEENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

If Plaintiffs recover any damages, such award must be reduced by all damages attributable to Plaintiffs' failure to take appropriate action and mitigate damages prior to and subsequent to the institution of this action.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Damages)

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages, or because the alleged damages of Plaintiffs, if any, are speculative and uncertain.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Damages)

Plaintiffs' claims are barred, in whole or in part, because they have already passed on any damages by reselling EpiPen devices and passing on any purported price increases to their customers.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

To the extent that Plaintiffs seek punitive damages, Plaintiffs are not entitled to any award of punitive damages because there is no clear and convincing evidence that Mylan acted wantonly, recklessly, oppressively, with reckless indifference, with malice, or in any other manner justifying an award of punitive or exemplary damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Excessive Damages)

Plaintiffs' claims are barred to the extent Plaintiffs seek excessive statutory or punitive damages in violation of the Due Process guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and of the Eighth Amendment of the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE
### (No Duplicative Relief)

To the extent any relief sought by Plaintiffs would be duplicative of relief sought by Plaintiffs or other plaintiffs in other lawsuits, subjecting Mylan to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments of the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Proportional Allocation of Fault)

Any damage, loss, or liability sustained by Plaintiffs must be reduced, diminished, and/or barred in proportion to the wrongful conduct of persons or entities other than Mylan, including third parties, under the principle of equitable allocation, recoupment, set-off, proportionate responsibility, and/or comparative fault.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Settlement Credits)

In the event that a settlement is reached between Plaintiffs and any other person or entity for conduct related to this action, Mylan is entitled to any settlement credits permitted by law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Waiver, Laches, Unclean Hands, Estoppel)

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, laches, unclean hands, and estoppel.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Res Judicata / Collateral Estoppel)

To the extent Plaintiffs' claims or the issues raised by Plaintiffs' claims have been previously litigated, Plaintiffs' claims are barred, in whole or in part, from any recovery under the doctrines of res judicata and/or collateral estoppel.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Release)

Plaintiffs' claims are barred to the extent they have been released through settlement in any prior litigation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
(Assignment)

Any of Plaintiffs' claims that are based on an assignment are barred, in whole or in part, to the extent that the assignment for such claims is invalid.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
(Injunctive Relief)

To the extent that Plaintiffs seek injunctive relief, Plaintiffs' claims are barred because Plaintiffs are not at risk of suffering irreparable harm.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
(Alternative Dispute Resolution)

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs are subject to alternative dispute resolution clauses of any kind.

## TWENTY-EIGTH AFFIRMATIVE DEFENSE
(Costs and Fees)

Plaintiffs are not entitled to an award of costs, penalties, or attorney's fees under any theory alleged in the Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
(Putative Class)

Plaintiffs' claims on behalf of the putative classes, the existence of which Mylan expressly denies, are barred by Plaintiffs' failure to meet the requirements of Federal Rule of Civil Procedure 23.

## THIRTIETH AFFIRMATIVE DEFENSE
(Defenses Specific to Putative Class Members)

Mylan may have additional unique affirmative defenses applicable to different putative members of Plaintiffs' proposed class. Mylan reserves the right to assert additional affirmative

defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

Dated: September 12, 2022

Respectfully submitted,

/s/ Brian C.  Fries
Brian C.  Fries (15889)
James Moloney (23786)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
brian.fries@lathropgpm.com
james.moloney@lathropgpm.com

Adam K.  Levin
David M.  Foster
Carolyn A.  DeLone
Charles A.  Loughlin
Michael D.  Gendall
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C.  20004
Telephone: (202) 637-6846
Facsimile: (202) 637-5910
adam.levin@hoganlovells.com
david.foster@hoganlovells.com
carrie.delone@hoganlovells.com
chuck.loughlin@hoganlovells.com
mike.gendall@hoganlovells.com

*Counsel for the Mylan Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2022, I electronically filed the foregoing Answer, Affirmative Defenses with the Clerk of Court for the United States District Court, District of Kansas by using the Court's CM/ECF system, which will serve electronic notification of this filing to all counsel of record.

*/s/ Brian C.  Fries*
Brian C.  Fries (15889)