IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KPH HEALTHCARE SERVICES, INC., )
a/k/a KINNEY DRUGS INC., )
FWK HOLDINGS LLC, )
and CÉSAR CASTILLO, LLC, )
*individually and on behalf of all those* )
*similarly situated*, )
)
        **Plaintiffs,** )
)
v. ) Case No. 2:20-cv-02065-DDC-TJJ
)
)
MYLAN, N.V., MYLAN )
PHARMACEUTICALS INC., MYLAN )
SPECIALTY L.P., PFIZER, INC., )
KING PHARMACEUTICALS, INC., )
and MERIDIAN MEDICAL )
TECHNOLOGIES, INC., )
)
        **Defendants.** )

## MEMORANDUM AND ORDER

The Mylan Defendants have filed an Application for Stay Pending Review of the Magistrate Judge's Order of August 23, 2022 (ECF No. 280), seeking a stay of that portion of the undersigned Magistrate Judge's order (ECF No. 252) which requires Mylan to produce certain documents on Mylan's privilege log that were shared between Pfizer and Mylan before July 2013. Mylan asserts a common-interest privilege in these documents. Mylan requests the stay pending review by District Judge Daniel D. Crabtree.[1]

---

[1] On September 13, 2022, Mylan filed its Objections to and Motion to Review Magistrate Judge's Order of August 23, 2022 (ECF No. 270).

The general rule is that the court reviewing an application for stay assesses the movant's chances for success on appeal and weighs the equities between the parties.[2] Under this analysis, the court considers factors such as: (1) the likelihood the movant will prevail on review; (2) irreparable harm to the movant if the magistrate judge does not issue a stay; (3) substantial harm to the other party if the magistrate judge stays the order; and (4) public interests implicated by a stay.[3]

Mylan addresses each factor, asserting primarily that it is threatened with substantial and irreparable harm that would result from improper disclosure of privileged documents. Mylan also argues there is a likelihood that the portion of the order requiring Mylan to produce the documents at issue will be modified or set aside, that a brief delay in receiving 115 documents will not substantially harm Plaintiffs in light of Mylan's production of millions of pages to date with more forthcoming, and that the public interest would be well served by protecting fundamental legal protections.

Plaintiffs disagree. They assert Mylan faces no irreparable harm because under the clawback provision of the Protective Order in this case (ECF No. 99), if Mylan succeeds in its review before Judge Crabtree, Plaintiffs will be prevented from using or disclosing the material which would retain its privilege. Plaintiffs contend the order on the motion to compel was

---

[2] *In re Motor Fuels Litig.,* No.07–MD–1840–KHV, 2010 WL 3724665, at *1 (D. Kan. Sept.16, 2010) (internal citation omitted).

[3] *Id*. See *Martinelli v. Petland, Inc.*, 10-407-RDR, 2010 WL 4627893, at *1 (D. Kan. Nov. 3, 2010) ("D. Kan. Rule 72.1.4(d) permits an application for a stay of a magistrate judge's order pending review by the district judge. Although the Federal Rules of Civil Procedure and this district's local rules do not provide factors to be considered when evaluating the appropriateness of a stay, magistrate judges in this district typically apply the criteria used in evaluating discretionary stays in other contexts.").

correct, and that a stay would cause public harm because it would further delay the public interest in securing the speedy resolution of this case.

Having considered the parties' arguments and the applicable standard, the Court finds Mylan's motion should be granted. Although the documents relate to litigation that has concluded, that is not the basis on which privilege is decided. Plaintiffs point to no specific manner in which they would suffer harm from delayed production, but instead focus on what they view as Mylan's attempt to delay discovery. Any delay that may occur will not be lengthy, nor is it likely to adversely affect the parties' ability to continue litigating the case. The Court does not view the public interest factor as being in favor of one party over the other. Finally, although the Court does not second-guess its decision, the assertion of privilege under these facts warrants a stay pending review by the District Judge.

Following Mylan's reply, Plaintiffs filed a Motion for Leave to File Short Surreply in Opposition to Mylan Defendants' Application for a Stay Pending Review of the Magistrate Judge's Order of August 23, 2022 (ECF No. 300). Mylan filed an opposition (ECF No. 301). Having considered the issue, the Court will deny the motion. Neither the Federal Rules of Civil Procedure nor this court's local rules contemplate the filing of a sur-reply. A party must have leave to file a sur-reply, and our courts typically grant leave only where a movant improperly raises new arguments in a reply.[4] Mylan's reply raises no new argument.

**IT IS THEREFORE ORDERED** that Mylan Defendants' Application for Stay Pending Review of the Magistrate Judge's Order of August 23, 2022 (ECF No. 280) is **GRANTED**. That

---

[4] *Smith v. Phamm*, 03-3451-SAC, 2008 WL 2474596, at *4 (D. Kan. June 17, 2008) (internal citations omitted).

portion of the Memorandum and Order which requires Mylan to produce certain documents on its privilege log to which it objects as subject to protection by the common-interest privilege is hereby stayed pending a ruling by District Judge Daniel D. Crabtree on Mylan's Objections to and Motion to Review Magistrate Judge's Order of August 23, 2022 (ECF No. 270).

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Short Surreply in Opposition to Mylan Defendants' Application for a Stay Pending Review of the Magistrate Judge's Order of August 23, 2022 (ECF No. 300) is **DENIED**.

Dated this 28th day of October, 2022, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge