IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KPH HEALTHCARE SERVICES, INC.,** a/k/a **KINNEY DRUGS INC., FWK HOLDINGS, LLC,** and **CÉSAR CASTILLO, LLC,** individually and on behalf of all those similarly situated,<br><br>    **Plaintiffs,**<br><br>v.<br><br>**MYLAN N.V., et al.,**<br><br>    **Defendants.** | Case No. 20-2065-DDC-TJJ |

### MEMORANDUM AND ORDER

Plaintiffs have filed a Motion for Certification for Interlocutory Appeal under 28 U.S.C. § 1292(b) (Doc. 250). Plaintiffs ask the court to certify for immediate appeal the question whether their Sherman Antitrust Act claims against Pfizer—as an alleged co-conspirator who conspired to delay entry of a generic competitor in the epinephrine auto injector (EAI) market—are barred by *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) because plaintiffs aren't direct purchasers of EpiPen from Pfizer. In a Memorandum and Order issued in August 2022 (Doc. 241), this court answered that question in the affirmative. *Id.* at 54–58. The court relied on guidance from the Tenth Circuit cautioning that "'the Supreme Court has indicated that exceptions to *Illinois Brick* are exceedingly narrow in scope'" and expressing its belief that those exceptions "'should be few in number.'" *Id.* at 54 (quoting *Zinser v. Cont'l Grain Co.*, 660 F.2d 754, 761 (10th Cir. 1981)). And, informed by that direction from the Circuit, the court declined to adopt a broad co-conspirator exception to the *Illinois Brick* rule. *Id.* at 54–55. Plaintiffs now seek to appeal this

decision immediately to the Tenth Circuit. So, they ask the court to certify the question for interlocutory appeal under 28 U.S.C. § 1292(b).

Pfizer opposes the motion (Doc. 261), and plaintiffs have submitted a Reply (Doc. 285). After considering the parties' well-briefed arguments, the court grants the motion. And it certifies the following question to the Tenth Circuit for interlocutory appeal:

> Are Plaintiffs' claims against Pfizer, [as] an alleged co-conspirator to delay entry of generic competition in the EAI market, barred by *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) because Plaintiffs did not purchase EpiPens directly from Pfizer?

Doc. 250 at 1. The court explains its reasons for certifying the question for interlocutory appeal, below. But first, it provides the legal standard governing plaintiffs' motion.

## I.     Legal Standard

Generally, federal courts of appeals have jurisdiction only to hear appeals from a district court's final decision. 28 U.S.C § 1291. But, 28 U.S.C. § 1292 establishes certain exceptions to this rule, permitting courts of appeals to hear some interlocutory appeals. One interlocutory exception is a decision certified by a district judge. *Id.* § 1292(b). A district judge may certify an interlocutory order for immediate appeal when the judge is "of the opinion that such order [(1)] involves a controlling question of law [(2)] as to which there is substantial ground for difference of opinion and that [(3)] an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" *Id.* "The proponent of an interlocutory appeal bears the burden of establishing that all three of [§ 1292(b)'s] substantive criteria are met." *Freedom Transp., Inc. v. Navistar Int'l Corp.*, No. 2:18-CV-02602-JAR-KGG, 2020 WL 108670, at *2 (D. Kan. Jan. 9, 2020).

A district court has discretion to certify an interlocutory order for appeal under § 1292(b). *Id.*; *see also Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) (explaining that when it

enacted § 1292(b), "Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals"). But such certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation and internal quotation marks omitted).

## II. Analysis

Plaintiffs assert that they have satisfied § 1292(b)'s three requirements for a interlocutory appeal. Pfizer doesn't contest the first and third requirements for certification. Doc. 261 at 9. Thus, the parties only disagree about the second requirement—whether a substantial ground for difference of opinion exists on the question. Thus, the court addresses the first and third requirements only briefly, explaining why they are satisfied here. And it devotes the bulk of the analysis to the second question, the hotly disputed one—whether a substantial ground for difference of opinion exists about the question plaintiffs seek to certify for interlocutory appeal.

### A. First Requirement: Controlling Question of Law

The parties agree that the question presented for interlocutory appeal meets the first statutory requirement: It presents a controlling question of law. Indeed, the answer to the question whether *Illinois Brick* bars plaintiffs' claims against Pfizer will determine if plaintiffs' Sherman Antitrust Act claims against Pfizer end here—as the court decided in its Order granting Pfizer's Motion to Dismiss—or if they should move forward for discovery. As plaintiffs aptly put it, an Order from the Tenth Circuit reversing the court's ruling on this issue "would revive" plaintiffs' claims against Pfizer. Doc. 251 at 8. Thus, the question presented is a controlling question. Also, the question presented limits the Court of Appeals' inquiry to a purely legal

question—*i.e.*, whether *Illinois Brick* bars plaintiffs' antitrust claims against Pfizer because plaintiffs didn't purchase EpiPens directly from Pfizer, or, instead, whether *Illinois Brick* contains a "co-conspirator exception" that permits plaintiffs to assert antitrust claims against Pfizer as an alleged co-conspirator who conspired to delay entry of generic competition in the EAI market.

### B. Second Requirement: Substantial Ground for Difference of Opinion

Turning to the second requirement, where all the action is here, the parties strongly dispute whether a substantial ground for difference of opinion exists here. For the court to find a substantial ground for difference of opinion, the court must conclude that the question of law "'is difficult, novel, and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'" *Farmer v. Kan. State Univ.*, No. 16-CV-2256-JAR-GEB, 2017 WL 3674964, at *3 (D. Kan. Aug. 24, 2017) (quoting *Am. Fid. Assurance Co. v. Bank of N.Y. Mellon*, No. CIV-11-1284-D, 2014 WL 8187951, at *4 (W.D. Okla. Dec. 12, 2014)). That an issue presents a question of first impression isn't, by itself, sufficient. *Id.* Nor will contradictory case law, by itself, qualify a case for certification. *Id.* But a party can satisfy the substantial ground for difference of opinion requirement by presenting "colorable arguments" supporting its position on the question of law—grounds, though they failed to persuade the district court in its ruling, still presented a "colorable" basis for an alternative decision on the question of law. *Id.* (citation and internal quotation marks omitted).

Here, the question presented—*i.e.*, whether *Illinois Brick* bars plaintiffs' claims against Pfizer—is both difficult and novel. Indeed, the court wrestled with the question and devoted more than 10 pages of analysis to the issue in its Order on the Motions to Dismiss. Doc. 241 at 48–58. The court acknowledged that "some Circuit courts outside our Circuit have 'recognized a

4

conspiracy "exception" to *Illinois Brick*, in which plaintiffs who purchase from one member of an antitrust conspiracy may bring suit against any member of the conspiracy'" in certain types of cases.  *Id.* at 50 (quoting *Marion Diagnostic Ctr., LLC v. Becton Dickinson & Co.*, 29 F.4th 337, 342 (7th Cir. 2022)).  Also, the court observed that "no court ever has applied a co-conspirator exception to an antitrust conspiracy claim premised on a generic delay theory—the theory plaintiffs allege here."  *Id.*  Thus, the question here is a novel one.

Also, the question presented is one "whose correct resolution is not substantially guided by previous decisions."  *Farmer*, 2017 WL 3674964, at *3 (citation and internal quotation marks omitted).  When concluding that *Illinois Brick* doesn't recognize a co-conspirator exception on the facts alleged here, the court heavily relied on Supreme Court and Tenth Circuit guidance cautioning "against expanding the narrow and limited exceptions to *Illinois Brick*."  Doc. 241 at 57 (first citing *Zinser*, 660 F.2d at 761; then citing *Kansas v. UtiliCorp United, Inc.*, 497 U.S. 199, 216 (1990)).  But the cases providing this direction don't confront the question presented here directly—*i.e.*, whether a co-conspirator liability exception to *Illinois Brick* exists in an antitrust case like this one premised on a generic delay theory.

Plaintiffs also presented a "colorable" argument supporting the viability of their antitrust claims against Pfizer by relying on Seventh Circuit cases that have applied a broad co-conspirator exception to *Illinois Brick*.  *See Marion Diagnostic Ctr.*, 29 F.4th at 342 (recognizing the Seventh Circuit's "conspiracy 'exception' to *Illinois Brick*, in which plaintiffs who purchase from one member of an antitrust conspiracy may bring suit against any member of the conspiracy" and holding district court erred by "incorrectly believ[ing] that the conspirator 'exception' to the direct-purchaser rule was limited to price-fixing conspiracies"); *see also Paper Sys., Inc. v. Nippon Paper Indus., Co.*, 281 F.3d 629, 631–32 (7th Cir. 2002) (explaining that

"*Illinois Brick* allocate[s] to the first non-conspirator in the distribution chain the right to collect 100% of the damages" and "[n]othing in *Illinois Brick* displaces the rule of joint and several liability, under which each member of a conspiracy is liable for all damages caused by the conspiracy's entire output"). Although the court's Order explained why ultimately it didn't find this out-of-Circuit authority persuasive, and thus refused to apply it, Doc. 241 at 56–57, plaintiffs presented a "colorable" argument supporting their position based on this Seventh Circuit authority.

In sum, the court concludes that plaintiffs have shown that a substantial ground for a difference of opinion exists on the question whether *Illinois Brick* bars plaintiffs' claims against Pfizer. Thus, plaintiffs have satisfied the second requirement for certifying an interlocutory appeal.

### C. Third Requirement: Immediate Appeal May Materially Advance the Ultimate Termination of the Litigation

Last, the parties don't dispute whether the third requirement is satisfied here. The court agrees. An answer to the certified question for interlocutory appeal will advance the ultimate termination of the litigation materially. Plaintiffs' antitrust claims survived Mylan's Motion to Dismiss, and those claims will proceed to discovery. Without an immediate appeal of the court's dismissal of the antitrust claims against Pfizer, plaintiffs otherwise can't appeal that ruling until their claims against Mylan conclude. That likely won't occur until after the parties have engaged in extensive and expensive discovery on the antitrust claims against Mylan. If the Tenth Circuit eventually decides that this court erred by dismissing plaintiffs' claims against Pfizer, such a reversal would force the parties to duplicate their discovery efforts, costing everyone more time and money. Thus, this case qualifies as one of the "extraordinary cases" where the parties likely can avoid "extended and expensive proceedings . . . by [an] immediate final decision of

controlling questions encountered early in the action." *Utah ex rel. Utah State Dep't of Health v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994) (citation and internal quotation marks omitted). As a consequence, the court finds it appropriate to certify the question for interlocutory appeal.

### III.   Conclusion

For reasons explained, the question presented here satisfies all three requirements for certifying an order for interlocutory appeal under 28 U.S.C. § 1292. Thus, the court grants plaintiffs' "Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b)" (Doc. 250). And the court thus certifies the following question for interlocutory appeal:

> Are plaintiffs' claims against Pfizer, as an alleged co-conspirator to delay entry of generic competition in the EAI market, barred by *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977) because plaintiffs did not purchase EpiPens directly from Pfizer?

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. 250) is granted.

**IT IS SO ORDERED.**

**Dated this 31st day of October, 2022, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree
United States District Judge**

7