IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KPH HEALTHCARE SERVICES, INC.,** a/k/a **KINNEY DRUGS INC., FWK HOLDINGS LLC, AND CÉSAR CASTILLO, LLC**, individually and on Behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**MYLAN, N.V., MYLAN PHARMACEUTICALS INC., MYLAN SPECIALTY L.P., PFIZER, INC., KING PHARMACEUTICALS LLC, and MERIDIAN MEDICAL TECHNOLOGIES, INC.,**<br><br>Defendants. | Case No. 2:20-CV-02065-DDC-TJJ |

## MEMORANDUM AND ORDER

A proceeding entitled *KPH Healthcare Services, Inc. v. Mylan N.V. et al*, Civil Action No. 2:20-CV-02065-DDC-TJJ (D. Kan.) (the "Action") is pending before this court.  Plaintiffs KPH Healthcare Services, Inc., FWK Holdings LLC, and César Castillo, LLC, individually and on behalf of the proposed Direct Purchaser Settlement Class, have filed a motion under Federal Rule of Civil Procedure 23(e).  Doc. 371.  The motion asks the court to enter an order preliminarily approving the settlement of this Action against defendants Pfizer, Inc., King Pharmaceuticals LLC, and Meridian Medical Technologies, Inc. (collectively, "Pfizer").  The parties also have submitted their Settlement Agreement (Doc. 372-2), dated September 28, 2023, which, together with its attached exhibits, sets forth the terms and conditions for a proposed settlement of the Action against Pfizer and for dismissal of the Action against the Pfizer

defendants. The court has read and considered the plaintiffs' Motion for Preliminary Approval of the Settlement (Doc. 371), its supporting Memorandum (Doc. 372), the Settlement Agreement (Doc. 372-2), and all attached exhibits. The court, as explained below, grants the motion, preliminarily approves the settlement, preliminarily certifies the Direct Purchaser Settlement Class for settlement purposes only, and grants related relief.

The court begins with the legal standard for preliminary approval of the Settlement Agreement under Rule 23(e). Rule 23(e) permits the parties to settle the claims of a certified class action, but "only with the court's approval." And, the court may approve a settlement only upon finding that it is "fair, reasonable, and adequate[.]" Fed. R. Civ. P. 23(e)(2). The Tenth Circuit has identified four factors that a district court must consider when assessing whether a proposed settlement is "fair, reasonable, and adequate":

(1) whether the proposed settlement was fairly and honestly negotiated;
(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;
(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and
(4) the judgment of the parties that the settlement is fair and reasonable.

*Rutter & Willbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002).

The settlement approval process typically transpires in two phases. *First*, the court considers whether preliminary approval of the settlement is appropriate. 4 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:10 (6th ed. 2023); *Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-KHV, 2012 WL 6085135, at *4 (D. Kan. Dec. 6, 2012). "If the Court grants preliminary approval, it directs notice to class members and sets a hearing at which it will make a final determination on the fairness of the class settlement." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012); *see also Newberg and Rubenstein on Class Actions* § 13:10 ("[T]he court's primary objective [at the preliminary

approval stage] is to establish whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a final fairness hearing." *Second*, "taking account of all of the information learned during [the preliminary approval] process, the court decides whether or not to give 'final approval' to the settlement." *Newberg and Rubenstein on Class Actions* § 13:10.

Because preliminary approval is just the first step of the approval process, courts apply a "less stringent" standard than they apply at the final approval stage. *Freebird*, 2012 WL 6085135, at *5. "[D]istrict courts [have] developed a jurisprudence whereby they under[take] some review of the settlement at preliminary approval, but perhaps just enough to ensure that sending notice to the class [is] not a complete waste of time." *Newberg and Rubenstein on Class Actions* § 13:10. "The general rule [is] that a court [will] grant preliminary approval where the proposed settlement [is] neither illegal nor collusive and is within the range of possible approval." *Id.* (internal quotation marks and citation omitted). "While the Court will consider [the Tenth Circuit's] factors in depth at the final approval hearing, they are a useful guide at the preliminary approval stage as well." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. at 502–03.

Applying this governing legal standard, the court grants the Motion for Preliminary Approval of Settlement (Doc. 371), as follows:

**IT IS HEREBY ORDERED:**

1. This court has subject matter jurisdiction over this action and personal jurisdiction over plaintiffs, the members of the proposed Direct Purchaser Settlement Class, and Pfizer.

2. The court hereby certifies a Direct Purchaser Settlement Class (the "Class") under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), for settlement purposes only, defined as follows:

> All persons or entities in the United States, its territories, possessions, and the Commonwealth of Puerto Rico, who purchased EpiPen or generic EpiPen directly from Mylan or Teva, for resale, at any time during the period from March 13, 2014 until the date on which the Court enters the Preliminary Approval Order.

Doc. 372 at 11.

3.  Excluded from the Class are defendants and their officers, directors, management, employees, predecessors, subsidiaries, and affiliates, and all federal governmental entities.

4.  The court appoints Michael L. Roberts of the Roberts Law Firm US, PC, and Linda P. Nussbaum of Nussbaum Law Group, LLC as Co-Lead Settlement Class Counsel ("Class Counsel"), and Bradley T. Wilders as Liaison Counsel for the Class.

5.  The court finds that it will likely be able to approve the proposed Settlement because all the relevant factors weigh in favor of approving the proposed Settlement between plaintiffs and Pfizer. Accordingly, the court preliminarily approves the Settlement between plaintiffs and Pfizer as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing, as described below.

6.  The court preliminarily finds that the proposed Settlement should be approved as (i) the result of arm's-length negotiations under the guidance of the Chief Circuit Mediator for the Tenth Circuit, David W. Aemmer; (ii) having greater value to the Class than the possibility of relief after protracted litigation, especially in light of serious questions of law and fact that placed the ultimate outcome of the litigation against Pfizer in doubt; (iii) fair and reasonable in the judgment of the Settling Parties; (iv) falling within the range of reasonableness warranting preliminary approval; (v) having no obvious deficiencies; and (vi) warranting notice of the proposed Settlement to members of the Class and further consideration of the Settlement at the Final Approval Hearing, as described below.

7. Also, for the reasons set forth in plaintiffs' supporting papers, the court finds that it will likely be able to certify the Class for purposes of entering judgment. *See* Fed. R. Civ. P. 23.

8. The court finds that the proposed form of notice and the proposed methods of disseminating notice constitute the best notice to the Class Members practicable under the circumstances; are reasonably calculated, under the circumstances, to describe the terms of the Settlement and to apprise Class Members of their right to object; and satisfy Fed. R. Civ. P. 23(e), the principles of due process, and are otherwise fair and reasonable.

9. The court therefore approves, regarding form and content, the proposed Detailed Notice, Claim Form, Summary Notice, and Reminder Notice substantially in the form attached to plaintiffs' Memorandum (Doc. 372) as Exhibits 3, 4, 5 and 6, respectively.

10. The court appoints the firm A.B. Data, Ltd. ("Settlement Administrator") to supervise and administer the notice procedure and to process claims.

11. The court appoints the firm Huntington Bank ("Escrow Agent") to serve as Escrow Agent for the purpose of receiving and investing the Settlement Fund in accordance with the terms of the escrow agreement.

12. Not later than 21 days after entry of this Order, the Settlement Administrator shall commence distribution of the Notice to all Class Members who can be identified with reasonable effort, along with a Claim Form. And the Settlement Administrator shall post such Notice and Claim Form, along with documents filed in connection with the Settlement, on the case-specific website.

13. Not later than 35 days after entry of this Order, the Settlement Administrator shall disseminate the Summary Notice as a news release in *Business Wire*, for 30 days on the Pink Sheet website, and once in the *Wall Street Journal*.

14. Not later than 49 days after entry of this Order, the Settlement Administrator shall commence distribution of the Reminder Notice to all Class Members who were identified and have not submitted a Claim Form.

15. The Notices shall list 112 days after entry of this Order as the deadline to postmark or electronically submit Claim Forms. And the Notices shall indicate 28 days before the Final Approval Hearing as the deadline for Class Members to opt out of the Class and/or file an objection to the Settlement, the Plan of Allocation, and/or Class Counsel's requests for awards for litigation costs and expenses, attorneys' fees, and class representative service awards. Class Counsel shall have until 14 days before the Final Approval Hearing to respond to any objections to the Settlement or requests for awards for litigation costs and expenses, attorneys' fees, and class representative service awards.

16. The Notices also shall list 49 days before the Final Approval Hearing as the date on or by which Class Counsel shall move for final approval of the Settlement and file any requests for awards for litigation costs and expenses, attorneys' fees, and class representative service awards.

17. Class Counsel shall file with the final approval motion proof of such distribution and publishing.

18. The Settlement Fund shall pay all fees and expenses incurred in identifying and notifying Class Members. In no event shall any of the Released Parties bear any responsibility or liability for such fees or expenses.

19. Class Members who wish to participate in the Settlement shall complete and submit Claim Forms in accordance with the instructions. Any Class Member who submits a Claim Form shall cooperate reasonably with the Settlement Administrator, including by promptly responding to any inquiry made by the Settlement Administrator. In any event, any Class Member submitting a Claim Form shall have 28 days from the date the Settlement Administrator contacts the Class Member about any deficiencies to cure such deficiencies. If the claimant fails to cure the deficiencies within that period, the Settlement Administrator shall reject the claim and shall notify the claimant of the rejection by letter. The Settlement Administrator's determination about the validity of a claim shall be final. Any Class Member who does not timely submit a Claim Form by the deadline provided shall be barred from sharing in the distribution of the proceeds of the Settlement, but shall nonetheless be bound by the Settlement Agreement, the Judgment, and the releases, unless they opt out of the Class by the deadline provided or otherwise ordered by the court. Notwithstanding the foregoing, the Settlement Administrator may, in its and Class Counsel's discretion, accept late-submitted claims, and information to cure deficiencies, for processing so long as the acceptance doesn't delay materially distribution of the Settlement Fund to Class Members.

20. The Claim Form submitted by each Class Member must: (a) be properly completed, signed, and submitted in a timely manner; (b) be deemed adequate by the Settlement Administrator or Class Counsel; (c) if the person executing the Claim Form is acting in a representative capacity, include a certification of his or her current authority to act on behalf of the claimant; and (d) be signed under penalty of perjury. As part of the Claim Form, each claimant shall submit to the jurisdiction of the court for the claim submitted.

21. The court will hold the Final Approval Hearing on June 11, 2024, at 1:00 PM in the United States District Court for the District of Kansas, 500 State Avenue, Kansas City, Kansas 66101, Courtroom 476. At the Final Approval Hearing, the court will consider (i) whether the proposed Settlement is fair, reasonable, and adequate; (ii) whether the court should approve the proposed Plan of Allocation—attached to plaintiffs' Memorandum (Doc. 372) as Exhibit 8—as fair, reasonable, and adequate; (iii) the amount of attorneys' fees, costs, and expenses that the court should award to Class Counsel; (iv) the amount of any service award to plaintiffs; (v) any objections by members of the Class; and (vi) whether to grant final approval to the proposed Settlement.

22. Any Class Member may enter an appearance in the Action, at the Class Member's own expense. If a Class Member doesn't enter an appearance, then Class Counsel will continue to represent that Class Member.

23. Any Class Member may appear at the Final Approval Hearing and demonstrate why the court: (i) should or should not approve the proposed Settlement as fair, reasonable, and adequate, (ii) should or should not enter a judgment, (iii) should or should not approve the Plan of Allocation, (iv) should or should not award attorneys' fees, costs, and expenses to Class Counsel, or (v) should or should not award to plaintiff Class Representatives an amount of service awards. However, no Class Member or any other person or entity shall be heard or entitled to contest such matters, unless that person or entity has filed and served on Class Counsel their objections by the deadline provided.

24. Any objections must (i) state the name, address, email address, and telephone number of the objector and must be signed by the objector even if represented by counsel; (ii) state that the objector is objecting to the proposed Settlement, Plan of Allocation, and/or request

of an award of attorneys' fees, reimbursement of costs and expenses, and class representative service awards; (iii) state the objection and the specific reasons for each objection; (iv) state whether the objection applies only to the objector, to a subset of the Class, or to the entire Class; (v) identify all class actions to which the objector and his, her, or its counsel previously has objected; (vi) include documents sufficient to prove the objector's membership in the Class; (vii) state whether the objector intends to appear at the Final Approval Hearing; (viii) if the objector intends to appear at the Final Approval Hearing through counsel, state the identities of all attorneys who will appear on the objector's behalf at the Final Approval Hearing; and (ix) state that the objector submits to the jurisdiction of the court with respect to the objection.  The court is unlikely to consider a Class Member's objection if the Class Member has failed to comply with the above requirements.  The court shall deem any Class Member who does not make his, her, or its objection in the manner provided to have waived such objection and that Class Member shall forever be foreclosed from making any objection, unless otherwise ordered by the court.  Class Members don't need to appear at the Final Approval Hearing or take any action to indicate their approval.

      25.     The court may adjourn the date of the Final Approval Hearing without further notice to the members of the Class.  The court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

      26.     All funds held by the Escrow Agent shall remain subject to the jurisdiction of the court, until such time as such funds are distributed pursuant to the Settlement Agreement or further order of the court.

27.     Pending final approval of the Settlement and the entry of final judgment in this Action against Pfizer, the court stays any and all proceedings in this Action regarding Pfizer (other than those incidental to the settlement process) by plaintiffs against Pfizer only.  To be clear, the Action against Mylan and other third-party discovery is not stayed.

28.     Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Pfizer of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.  Nor shall any such matter constitute, be construed as, or be deemed to be evidence of or an admission by plaintiffs that there is an absence of merit in any of their allegations or claims against Pfizer.

29.     If the Settlement Agreement set forth here is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection with it shall be without prejudice to the rights of the Settling Parties as set forth in the Settlement Agreement; plaintiffs and Pfizer will revert to their positions *ex ante* without prejudice to their claims and defenses; and the litigation of their claims will resume in a reasonable manner as approved by the court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Class Plaintiffs' Motion for Certification of a Settlement Class, Preliminary Approval of Settlement with the Pfizer Defendants, and Related Relief (Doc. 371) is granted.

**IT IS SO ORDERED.**

**Dated this 28th day of March, 2024, at Kansas City, Kansas.**

　　　　　　　　　　　　　　　　　　　　　　**s/ Daniel D. Crabtree**
　　　　　　　　　　　　　　　　　　　　　　**Daniel D. Crabtree**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**