# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| KPH HEALTHCARE SERVICES, INC., a/k/a KINNEY DRUGS INC., FWK HOLDINGS LLC, and CÉSAR CASTILLO, LLC, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN, N.V., MYLAN PHARMACEUTICALS INC., MYLAN SPECIALTY L.P., PFIZER, INC., KING PHARMACEUTICALS LLC, and MERIDIAN MEDICAL TECHNOLOGIES, INC.,<br><br>Defendants. | Civil Action No. 2:20-cv-02065-DDC-TJJ |

**PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM TO STRIKE NEW ARGUMENTS RAISED IN MYLAN'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**
<u>**OR, IN THE ALTERNATIVE, TO PERMIT FILING OF A SUR-REPLY**</u>

Plaintiffs move to strike portions of Mylan N.V., Mylan Pharmaceuticals, Inc. and Mylan Specialty L.P.'s (collectively, "Mylan") reply in support of their motion for partial judgment on the pleadings that raise new arguments or, in the alternative for leave to file a sur-reply, which is attached as Exhibit 1.

On March 4, 2024, Mylan filed a motion for partial judgment on the pleadings and corresponding memorandum in support, which effectively asked this Court to reconsider its decision concluding that Plaintiffs had stated a plausible reverse-payment antitrust claim based on Mylan's and Pfizer's entry-date patent settlements with non-party Teva. *See* ECF Nos. 386,

1

387. The basis of Mylan's new motion was an "analogous case that entry-date-only patent settlements like the ones alleged here are lawful" that was issued by the Seventh Circuit shortly before the Court denied, in relevant part, Mylan's prior motion to dismiss raising the same argument.[1] *See* ECF No. 387 at 2 (citing *Mayor & City Council of Baltimore v. AbbVie Inc.*, 42 F.4th 709 (7th Cir. 2022)). On March 25, 2024, Plaintiffs filed an opposition to Mylan's motion addressing Mylan's arguments, distinguishing *AbbVie*, and urging the Court not to reconsider its prior decision holding that Plaintiffs had alleged a plausible antitrust claim under the Sherman Act. ECF No. 391.

On March 26, 2024, the Court issued a memorandum and opinion in another case, denying a motion to dismiss a similar reverse-payment antitrust claim against Teva, in which it rejected Teva's characterizations of *AbbVie* that mirror the arguments Mylan raised here. *Edgar v. Teva Pharm. Indus., Ltd.*, 22-2501-DDC-TJJ, 2024 WL 1282436, at *21-23 (D. Kan. Mar. 26, 2024).[2] In its reply, Mylan extensively attacks the Court's analysis in *Edgar*. *See* ECF No. 395 at 3-5. In doing so, it raises at least two arguments, however, that are new and were not raised in its motion and are therefore improper.

A reply brief is not the place to raise new arguments or seek new relief. "Under D. Kan. Rule 7.1, a party is prohibited from raising new argument and issues in a reply because the

---

[1] Notably, although Mylan's motion for partial judgment on the pleadings was brought under Federal Rule of Civil Procedure 12(c), Mylan acknowledged that such a motion is evaluated under the same "plausibility" standard as Rule 12(b)(6), ECF No. 387 at 4-5, which is the standard under which this Court previously rejected Mylan's arguments that an entry-date-only settlement is *per se* lawful, even when alleged to be part of a quid pro quo in violation of federal antitrust law. *See* Mem. & Order, ECF No. 241 at 6-7.

[2] The Court also pointed out that it had previously rejected this argument, when raised by Mylan and Pfizer, in *In re EpiPen (Epinephrine Injection, USP) Marketing, Sales Practices & Antitrust Litigation,* 545 F. Supp.3d 922, 993 (D. Kan. 2021), and that Teva was effectively asking it "to reconsider its reasoning in light of the Seventh Circuit's *AbbVie* decision." *Edgar*, 2024 WL 1282436, at *22. It declined to do so.

2

opposing party has not had an opportunity to address the issues." *Boilermaker-Blacksmith Nat. Pension Fund v. Gendron*, 67 F. Supp. 2d 1250, 1257 (D. Kan. 1999). Furthermore, Rule 7.1(a)(1) provides that a motion must include "a statement of the specific relief sought"; therefore, seeking entirely new relief via a reply brief is patently improper. This Court routinely disregards or strikes new arguments raised for the first time in a reply brief. *See, e.g. Boilermaker-Blacksmith,* 67 F. Supp. 2d at 1257 n.4 ("To the extent that defendant injected new facts and new issues in the reply, the Court strikes those portions of the reply"); *United States v. Webster,* CIV. 12-2427-CM, 2013 WL 1686992, at *1 (D. Kan. Apr. 18, 2013) ("Defendant is not permitted to raise new arguments in his reply brief, however, and the court will disregard the argument."). Alternatively, if the Court considers a "reply brief [that] improperly makes new arguments," there is "[g]ood cause" to permit the opposing party to file a sur-reply responding to those arguments. *Ambac Assurance Corp. v. Fort Leavenworth Frontier Heritage Communities, II, LLC*, 15-CV-9596-DDC-JPO, 2017 WL 1035953, at *1 (D. Kan. Mar. 17, 2017).

Mylan's reply is a paradigmatic example of improper new arguments and relief.

First, it argues for the first time that dismissal is proper because "Pfizer was not a party to the Nuvigil settlement" and "Mylan was not a party to the EpiPen settlement—so [Mylan] 'couldn't have swapped' delayed entry in one market for another." ECF No. 395 at 3. Mylan did not rely on this argument in its memorandum in support of the motion for judgment on the pleadings. Rather, in its motion and supporting memorandum, Mylan argued for a bright-line rule under *AbbVie* that "an exchange of entry-date-only settlement[s] is lawful," ECF No. 387 at 7, and, alternatively, that "[e]ven if [the two settlements were] alleged to be one collective settlement—*i.e.,* a *quid pro quo*—the allegations simply showed … combining one lawful,

procompetitive settlement with another does not create an antitrust claim," *id.* at 8.[3] Thus, urging dismissal because Mylan was not a nominal signatory to the EpiPen settlement is a new argument. This is improper and should be disregarded. Alternatively, Plaintiffs address in their proposed sur-reply why Mylan's argument is deficient and contradicts the well-pled allegations, and if the Court considers the argument, it should permit the filing of the proposed sur-reply. *See* Exhibit 1 at 2-3.

Second, in its reply, Mylan requests additional relief that it did not request in its motion or supporting memorandum as required by Local Rule 7.1. Specifically, Mylan requests that the Court certify the issue for an interlocutory appeal. Mylan seeks certification for interlocutory appeal under 28 U.S.C. § 1292(b). But Mylan did not include any alternative request for permission to pursue an interlocutory appeal in its motion or supporting memorandum for dismissal, nor did it argue that the elements of section 1292(b) were met in its motion or supporting memorandum. Consequently, Mylan's request constitutes not only new argument but expands the relief it seeks in violation of Rule 7.1's require that the *motion* state all the relief sought.

In a footnote, Mylan suggests that because the Court can *sua sponte* certify an issue that meets the requirements of section 1292(b) for interlocutory appeal, "a formal motion ... is not required." ECF No. 395 at 5 n.5. That suggestion is meritless. By *requesting* certification, Mylan is seeking relief from the Court; therefore, the Court would not be acting *sua sponte* in granting Mylan's request. Moreover, Mylan's purported justification would lead to unfair and absurd results. By its logic, a party could spring new arguments for relief via a reply brief on any issue upon which a Court may act *sua sponte,* which would deprive the opposing party of an opportunity

---

[3] In fact, Mylan correctly acknowledged in its memorandum that Plaintiffs allege "that Mylan paid Teva to delay entry of a generic version of EpiPen by 'leaving money on the table' in the Nuvigil settlement." ECF No. 387 at 9. And Mylan does not dispute that the well-pled allegations must be taken as true for purposes of its motion.

to respond. Nothing prevented Mylan from seeking this relief in its initial motion. And nothing prevents it from filing a motion for certification now or following the Court's ruling, either of which would have given Plaintiffs an opportunity to respond and explain why the requirements for section 1292(b) are not present here.

The Court should therefore disregard Mylan's request to certify any issue for interlocutory appeal or, if it intends to entertain it at this juncture, permit Plaintiffs' proposed sur-reply addressing why the elements of 28 U.S.C. § 1292(b) are not met here. *See* Exhibit 1 at 3-5.

DATED: April 19, 2024                    Respectfully submitted,

                                         */s/ Bradley T. Wilders*
                                         Bradley T. Wilders
                                         **STUEVE SIEGEL HANSON LLP**
                                         460 Nichols Road, Suite 200
                                         Kansas City, MO 64112
                                         Telephone: (816) 714-7100
                                         Facsimile: (816) 714-7101
                                         wilders@stuevesiegel.com

                                         *Interim Liaison Counsel for the Putative Direct Purchaser Class*

                                         Michael L. Roberts (admitted *pro hac vice*)
                                         Erich P. Schork (admitted *pro hac vice*)
                                         Sarah E. DeLoach (admitted *pro hac vice*)
                                         **ROBERTS LAW FIRM US, PC**
                                         1920 McKinney Avenue, Suite 700
                                         Dallas, Texas 75204
                                         Telephone: (501) 952-8558
                                         Facsimile: (501) 821-4474
                                         mikeroberts@robertslawfirm.us
                                         erichschork@robertslawfirm.us
                                         sarahdeloach@robertslawfirm.us

                                         Linda P. Nussbaum (admitted *pro hac vice*)
                                         **NUSSBAUM LAW GROUP, P.C.**
                                         1133 Avenue of the Americas, 31st Floor

New York, NY 10036
Telephone: (917) 438-9102
lnussbaum@nussbaumpc.com

*Interim Co-Lead Counsel for the Putative Direct Purchaser Class*