IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KPH HEALTHCARE SERVICES, INC.,** a/k/a **KINNEY DRUGS INC.,** **FWK HOLDINGS LLC,** and **CESAR CASTILLO, LLC,** individually and on behalf of all others similarly situated,<br><br>**Plaintiffs,**<br><br>v.<br><br>**MYLAN N.S., MYLAN SPECIALTY L.P., MYLAN PHARMACEUTICALS, INC.,**<br><br>**Defendants.** | Case No. 2:20-cv-2065-DDC-TJJ |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel (ECF No. 421). Plaintiffs seek an order requiring Defendants Mylan, N.V., Mylan Pharmaceuticals Inc., and Mylan Specialty L.P. ("the Mylan Defendants") to produce documents improperly withheld pursuant to the Mylan Defendants' amended privilege log and to produce documents responsive to Request for Production ("RFP") Nos. 19 and 21. The Mylan Defendants oppose the motion, arguing the motion is untimely under D. Kan. Rule 37.1(c), the documents on the privilege log were properly withheld, and RFP Nos. 19 and 21 are not relevant. As set forth below, the Court denies Plaintiffs' motion, although with regard to the amended privilege log, the motion is denied without prejudice as discussed below.

I.      **Relevant Background**

This case arises out of the manufacture and sale of the Epi-Pen—an epinephrine auto-injection ("EAI") drug device used to treat anaphylaxis. Plaintiffs bring this lawsuit on behalf of themselves and a putative class of direct purchasers of the Epi-Pen. Generally, Plaintiffs assert that Defendants engaged in unlawful monopolization of the EAI market, violating Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, and Section 3 of the Clayton Act, 15 U.S.C. § 14.

A.      *RFP Nos. 19 and 21*

On March 14, 2024, the Mylan Defendants served their objections to five new document requests served by Plaintiffs, including RFP Nos. 19 and 21. RFP No. 19 requests all documents concerning any agreement entered into between the Mylan Defendants and Teva on or about June 8, 2012, with respect to generic modafinil (Provigil tablets), and RFP No. 21 requests all documents concerning the Generic Epinephrine Auto-Injector Handling Study. On March 22, 2024, Plaintiffs asked to meet and confer regarding the Mylan Defendants' objections. On March 28, April 17, and April 23, 2024, the parties met and conferred to discuss their positions and exchange arguments. On May 10, 2024, the Mylan Defendants stated their position in writing by letter, expressly stating they were "stand[ing] on their objection" to RFP No. 19. On May 21, 2024, Plaintiffs responded by withdrawing three of the requests but providing arguments supporting the relevance of RFP Nos. 19 and 21. The Mylan Defendants did not respond to the May 21, 2024, letter as the parties continued to confer regarding schedule extensions, an expert stipulation, production of previously required transitional data, scheduling depositions, a discovery plan, and the privilege log. On July 23, 2024, Plaintiffs inquired of the Mylan Defendants' response to the May 21, 2024, letter. The Mylan Defendants stated they had no intention of responding. On July 29, 2024, Plaintiffs contacted the Court requesting a Rule 37.1 pre-motion conference.

*B.     Privilege Log*

The Mylan Defendants objected to Plaintiffs' discovery requests in part on attorney-client privilege grounds. On December 15, 2023, Plaintiffs asked the Mylan Defendants to produce a privilege log required by Federal Rule of Civil Procedure 26(b)(5) for their court-ordered document production. More than three months later, on March 26, 2024, the Mylan Defendants served a privilege log that was missing subject/title information. On April 26, 2024, Plaintiffs requested and the Mylan Defendants supplemented and amended their privilege log with 10,752 entries. Plaintiffs reviewed the privilege log, engaging lawyers at three law firms and performing approximately 178 hours of work between April 26, 2024, and June 26, 2024. On June 20, 2024, Plaintiffs had identified their concerns and advised the Mylan Defendants a letter would be forthcoming. Plaintiffs sent the Mylan Defendants a letter on June 26, 2024, identifying approximately 225 disputed documents identified on the privilege log falling into five categories. On July 17, 2024, Plaintiffs inquired regarding the Mylan Defendants' response to the June 26, 2024, letter. The Mylan Defendants responded and stated Plaintiffs cannot raise the dispute because their 30-day deadline under D. Kan. Local Rule 37.1(c) had passed. On July 23, 2024, the parties met via Zoom and the Mylan Defendants again refused to substantively respond. On July 24, 2024, Plaintiffs provided additional authority regarding D. Kan. Rule 37.1(c), and on July 29, 2024, Plaintiffs contacted the Court requesting a Rule 37.1(a) pre-motion conference.

On August 1, 2024, the Court held a hearing to discuss the issue of timeliness under the amended Local Rule and indicated it would need briefing on the issue.

## II.  Legal Standard

A magistrate judge is "afforded broad discretion in the resolution of nondispositive discovery disputes."[1] Federal Rule of Civil Procedure 37(a)(3)(B) permits a party seeking discovery to move for an order compelling an answer, designation, production, or inspection. The motion may be made if a party fails to produce documents as requested under Rule 34.[2] An evasive or incomplete disclosure, answer, or response is treated as a failure to disclose, answer, or respond.[3]

D. Kan. Rule 37.1(c) governs the time for filing discovery-related motions. It states:

> Any discovery-related motion must be filed within 30 days of the default or service of the response, objection, or disclosure that is the subject of the motion, or, for all other disputes, within 30 days after the movant knew or reasonably should have known of the potential dispute. The court may deny any motion filed after that 30-day period as untimely unless the movant demonstrates diligence in attempting to resolve the specific discovery dispute at issue.[4]

The purpose of this rule "is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation."[5] The Court will then apply a two-pronged inquiry: (1) whether the discovery motion was filed within the 30-day period, and (2) whether the moving

---

[1] *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

[2] Fed. R. Civ. P. 37(a)(3)(B)(iv).

[3] Fed. R. Civ. P. 37(a)(4).

[4] D. Kan. Rule 37.1(c) (the rule was amended effective December of 2022). Prior to the amendment, the rule required any motion to compel discovery to be "filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion. . . . Otherwise, the objection to the default, response, answer, or objection is deemed waived."

[5] *Grider v. Shawnee Mission Med. Ctr., Inc.*, No. 16-2750-DDC-GLR, 2018 WL 2225011, at *1 (D. Kan. May 15, 2018).

party exercised diligence in attempting to resolve the discovery dispute to warrant an extension of that period.[6]

"The Court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, . . . unless the attorney for the moving party has conferred or made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[7] The attorney must initiate conferral within 30 days of service of the discovery response, objection, or disclosure.[8]

### III.   Timeliness Analysis

Plaintiffs request the Court compel the Mylan Defendants to produce documents responsive to RFP Nos. 19 and 21 and documents improperly withheld on the Mylan Defendants' amended privilege log. The Mylan Defendants argue Plaintiffs' motion to compel is untimely under the Local Rule.

   A.   *RFP Nos. 19 and 21*

Plaintiffs do not argue that their motion to compel responses to RFP Nos. 19 and 21 is timely, only that they were diligent in attempting to resolve the dispute, warranting an extension of the time period to file their motion to compel as permitted under the Local Rule. The Mylan Defendants argue Plaintiffs were not diligent in attempting to resolve the dispute and they would be prejudiced should Plaintiffs attempt to depose any witness a second time based on any future document production in response to RFP Nos. 19 and 21.

---

[6] *Delcavo v. Tour Res. Consultants LLC*, No. 21-2137-JWL-ADM, 2022 WL 594484, at *6 (D. Kan. Feb. 28, 2022).

[7] D. Kan. Rule 37.2.

[8] *See Delcavo*, 2022 WL 594484, at *7.

The Court does not find that Plaintiffs have demonstrated diligence meriting an extension of the 30-day deadline to file a motion to compel as to RFP Nos. 19 and 21. The Mylan Defendants served their objections to RFP Nos. 19 and 21 on March 14, 2024. The parties met and conferred on March 28, April 17, and April 23, 2024, and on May 10, 2024, the Mylan Defendants stated their position in writing by letter, expressly stating they were "stand[ing] on [their] objection" to RFP No. 19. On May 21, 2024, Plaintiffs responded by letter withdrawing three of the requests but providing arguments supporting the relevance of RFP Nos. 19 and 21, stating they "stand by their request,"[9] but to what end? Notably, Plaintiffs' letter did not request a response from Defendants or threaten any further action with respect to RFP Nos. 19 and 21.

Plaintiffs then waited over two months to follow up with the Mylan Defendants on the requests without seeking an informal extension of their motion to compel deadline from the Mylan Defendants or a formal extension from the Court. Plaintiffs acknowledge they did not attempt to communicate with the Mylan Defendants regarding RFP Nos. 19 and 21 at any time between May 21, 2024, and July 23, 2024. Plaintiffs argue that while their May 21 letter did not expressly demand a response or adequately suggest the parties were still conferring, on June 13, the parties jointly represented to the Court they "have been diligently meeting and conferring as to numerous discovery issues for many months in an effort to resolve the issues without Court intervention." The Court is not persuaded that a vague, conclusory statement used in support of a request to extend scheduling order deadlines is sufficient to show Plaintiffs were diligent in the two month period between their May 21 letter and subsequent July 23 follow up discussion, when Plaintiffs cannot point to any communication with the Mylan Defendants regarding the RFPs at issue.

---

[9] ECF No. 422-17.

Under D. Kan. Local Rule 37.1(c), the party moving to compel discovery bears the burden to demonstrate "diligence in attempting to resolve the specific discovery dispute at issue." While Plaintiffs demonstrated diligence in raising this dispute during their conferrals within 30 days of service, the Court finds Plaintiffs have not demonstrated diligence in attempting to resolve the dispute after that. When the Mylan Defendants advised in their May 10 letter that they were standing on the objections, the dispute was ripe. Plaintiffs waited from May 10 until July 29 to request a pre-motion conference. Plaintiffs' inaction for over two months is simply incompatible with a finding of diligence.[10] Therefore, Plaintiffs' motion to compel with respect to RFP Nos. 19 and 21 is untimely and denied.

   B. *Privilege Log*

Plaintiffs argue their motion to compel is timely with respect to the request for documents the Mylan Defendants allegedly improperly withheld pursuant to their privilege log, and even if it was not timely, they demonstrated diligence in attempting to resolve the dispute, warranting an extension of the D. Kan. Rule 37.1(c) deadline to file their motion to compel. Defendants argue Plaintiffs' motion is not timely because Plaintiffs did not demonstrate diligence in attempting to resolve the dispute.

"The 30-day period for raising a discovery dispute with the Court 'is triggered by the service of a deficient response, answer, or objection or a party defaulting in a discovery obligation.'"[11] "The time period begins to run when specific information first leading to a dispute

---

[10] *See Cash Today, LLC v. MTE LLC*, No. 21-2360-EFM-RES, 2023 WL 2498922, at *5 (D. Kan. Mar. 14, 2023) (finding months long delay after discovering parties were at an impasse does not demonstrate diligence).

[11] *Id.*, at *4 (quoting *No Spill, LLC v. Scepter Candada, Inc.*, No. 2:18-CV-2681-HLT-KGG, 2021 WL 5906042, at *3 (D. Kan. Dec. 14, 2021) (internal quotations omitted)).

is discovered."[12] Plaintiffs argue instead that, under the amended local rule, the time period should not run from the time the privilege log was served but from the time "the movant knew or reasonably should have known of the potential dispute."[13] Plaintiffs argue this newly added language applies to privilege logs because a privilege log is not a "response, objection, or disclosure," and privilege logs therefore fall into the "all other disputes" category. However, this court has applied the 30-day deadline from a "response, objection, or disclosure" to privilege logs prior to the 2022 amendment to D. Kan. Rule 37.1(c), and nothing about the amendment changes that application.[14] Nor do Plaintiffs distinguish the earlier cases. Moreover, this Court rejects Plaintiffs' novel argument and finds instead, consistent with the cases cited, that a privilege log is a supplemental "objection," as a privilege log is served as a supplement to objections to production of documents based on the assertion of the attorney-client privilege or work-product privilege. Therefore, here, the triggering event was service of the Mylan Defendants' *amended* privilege log on April 26, 2024. Because Plaintiffs did not communicate with the Mylan Defendants regarding

---

[12] *Neonatal Prod. Grp., Inc., v. Shields*, No. 13-2601-DDC, 2015 WL 7078796, at *2 (D. Kan. Nov. 13, 2015).

[13] The first part of amended D. Kan. Rule 37.1(c) states, "Any discovery-related motion must be filed within 30 days of the default or service of the response, objection, or disclosure that is the subject of the motion." The prior version of this Rule did not expressly include either the "knew or reasonably should have known" language or the last sentence about demonstrating diligence. Under the prior version, failure to timely file a motion to compel means that "the objection to the default, response, answer, or objection is waived." *See Armstrong v. Ennis Bus. Forms of Kansas, Inc.*, No. 21-CV-2258-KHV-TJJ, 2022 WL 1102638, at *5 (D. Kan. Apr. 13, 2022) (failure to file a motion to compel within 30 days waives the issue).

[14] *See Sifuentes v. United Parcel Serv., Inc.*, No. 10-2178-RDR, 2012 WL 13105168, at *2 (D. Kan. Feb. 10, 2012); *Fulghum v. Embarq Corp.*, No. 07-2602-EFM, 2011 WL 13237613, at *3 (D. Kan. Apr. 14, 2011) (finding the triggering event under D. Kan. Rule 37.1(c) was the service of defendants' April 30, 2010 privilege log).

the amended privilege log until June 20, 2024, and they did not meet and confer with the Mylan Defendants until July 23, 2024, Plaintiffs failed to meet the 30-day deadline with respect to their motion to compel documents listed on the Mylan Defendants' privilege log as well.

Plaintiffs argue the Court should not deny their motion as untimely with respect to the privilege log because they demonstrated diligence in attempting to resolve the discovery dispute at issue. Specifically, Plaintiffs state they immediately set to work reviewing the log, engaging lawyers at three law firms and performing approximately 178 hours of such work between April 26 and June 26, 2024. Defendants argue Plaintiffs' efforts are insufficient because diligence requires an attempt to resolve the discovery dispute through efforts to "deliberate, confer, converse, compare views, or consult" within 30 days, not merely conducting an internal review of the privilege log.

In *Delcavo v. Tour Resource Consultants, LLC*, the court stated, "A party cannot meaningfully engage in the meet-and-confer process if it does not initiate this process sufficiently in advance of the 30-day deadline. Consequently, a party does not demonstrate diligence by waiting until the end of the 30-day period to begin attempting to resolve discovery disputes."[15] This diligence standard continues to apply post-amendment of D. Kan. Rule 37.1(c). Indeed, this

---

[15] *Delcavo*, 2022 WL 594484, at *7. "*See Sonnino v. Univ. Kansas Hosp. Auth.*, 220 F.R.D. 633, 638 (D. Kan. 2004) (denying a motion to compel in part as untimely and stating that "Plaintiff's counsel should not have waited until the thirty-day period had almost expired before communicating with [defense] counsel"); *Garcia v. Palomino, Inc.*, No. 09-2115-EFM-DWB, 2009 WL 10706645, at *2 (D. Kan. Nov. 6, 2009) ("[T]he Court cannot find that Defendant was 'diligent' during the 30-day time period. The Court is troubled that Defendant did not even attempt to contact Plaintiff's counsel regarding these issues until three days before the expiration of the deadline to file a motion to compel."); *see also Benavidez v. Sandia Nat'l Lab'ys*, 319 F.R.D. 696, 729 (D.N.M. 2017) (discussing an analogous local rule and stating that the plaintiff "should not have waited so late in her time period to negotiate the discovery dispute . . . and then wait until the last minute to bring the issue to a head")." *Id.*

diligence standard has been applied since the Local Rule was amended.[16] Here, Plaintiffs did not communicate with the Mylan Defendants for more than 30 days after they received the Mylan Defendants' amended privilege log. The Court recognizes the immense difficulty of reviewing a privilege log with over 10,000 entries, which required Plaintiffs to engage lawyers at three law firms and perform 145.7 hours of work reviewing the log within 30 days of its service.[17] However, Plaintiffs should have realized within the first 30 days there likely would be issues to discuss and resolve with the Mylan Defendants. This court has required parties to at least meet and confer with opposing counsel and ideally request an extension of time to file their motion to compel before the 30-day deadline has passed in order to demonstrate diligence. It is clear that Plaintiffs did not communicate with the Mylan Defendants or the Court between April 26 and June 20, 2024, exceeding their 30-day deadline to do so. Further still, Plaintiffs did not meet and confer with the Mylan Defendants until July 23, 2024.

Plaintiffs argue that they did not need to request an extension of time or communicate with Defendants during the 30 days following service of the amended privilege log because the amended Local Rule provides an exception for diligent parties. However, if the Court were to find that the 30-day deadline to confer and corresponding requirement for motions for extensions of time did not apply to diligent parties, this exact issue would need to be analyzed for every motion to compel filed by a self-proclaimed "diligent party." Such a finding would render the 30-day deadline and D. Kan. Rule 37.1(c)'s purpose to promote expeditious litigation meaningless.

---

[16] *Cash Today*, *LLC*, 2023 WL 2498922, at *5.

[17] ECF No. 431, at 1 n.1.

Plaintiffs clearly were diligently reviewing the Mylan Defendants' privilege log during the 30 days following its service on Plaintiffs, but they were not diligent in attempting to resolve issues regarding the Mylan Defendants' privilege log because they did not initiate the meet and conferral process or request an extension of time "sufficiently in advance of the 30-day deadline." Thus, to promote Fed. R. Civ. P. Rule 1 judicial efficiency, cooperation, and timely resolution of disputes, the Court applies the *Delcavo* diligence standard and finds that Plaintiffs were not diligent.

Nonetheless, the Court is sympathetic to Plaintiffs' plight in the unique circumstances presented here. Given Plaintiffs' good faith attempt to interpret the amendment to D. Kan. Rule 37.1(c) and their obvious good faith efforts to review the Mylan Defendants' immense privilege log quickly and expeditiously, the Court, in its discretion, will not deny Plaintiffs' motion to compel the Mylan Defendants to produce documents improperly withheld on the Mylan Defendants' amended privilege log as untimely. Such a determination would be unjust under these circumstances, especially given the Mylan Defendants' own lengthy delay in serving their privilege log and amended privilege log. The Court strongly cautions Plaintiffs that, moving forward, timely communication with opposing counsel and the Court regarding discovery disputes in accordance with amended D. Kan. Local Rule 37.1 is still necessary and imperative.

## IV. Merits Analysis

The Court has reviewed the parties' briefs with regard to the merits of the documents at issue listed on the Mylan Defendants' privilege log and finds their arguments focused primarily on the timeliness of Plaintiffs' motion to compel. The briefing on the merits regarding the sufficiency of the privilege log or the applicability of any privilege is insufficient and too vague. Thus, the Court cannot make a ruling on the substantive privilege arguments at this time. Further, it is unclear to the Court whether counsel have made any effort to meet and confer regarding either

11

the sufficiency of the privilege log or the applicability of any privilege for the documents listed in the privilege log. Therefore, the Court will deny the motion without prejudice to refiling as to the substance of the 115 disputed documents at issue in the Mylan Defendants' privilege log and require the parties to conduct a meaningful meet and confer to narrow the issues by August 27, 2024. If any issues remain after the meet and confer, Plaintiffs will have until September 6, 2024, to file another motion to compel with respect to the remaining documents and provide more thorough briefing on the documents at issue.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel (ECF No. 421) is denied as untimely as to RFP Nos. 19 and 21 and denied without prejudice to refiling as to the privilege log. The parties are ordered to meet and confer in good faith regarding the documents at issue withheld under the privilege log to try and resolve the issues without court intervention by **August 27, 2024.** If any issues remain, Plaintiffs have until **September 6, 2024**, to file a motion to compel with respect to the remaining documents at issue.

Dated this 20th day of August, 2024, in Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge