## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KPH HEALTHCARE SERVICES, INC.,** **a/k/a KINNEY DRUGS, INC., individually** **and on behalf all others similarly situated,** **FWK HOLDINGS, LLC, and CÉSAR** **CASTILLO LLC,** | |
| **Plaintiffs**, | **Case No. 20-2065-DDC-TJJ** |
| **v.** | |
| **MYLAN N.V., MYLAN SPECIALTY L.P.,** **and MYLAN PHARMACEUTICALS,** **INC.,** | |
| **Defendants**. | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes to the court on a motion invoking Fed. R. Civ. P. 23(e) (Doc. 453). The Settlement Class Representatives KPH Healthcare Services, Inc. (a/k/a Kinney Drugs, Inc.) (KPH), FWK Holdings, LLC (FWK), and César Castillo LLC (Castillo)—collectively, "Plaintiffs"—ask the court to enter an order preliminarily approving the settlement of this action against defendants Mylan N.V., Mylan Pharmaceuticals, Inc., Mylan Specialty L.P.— collectively, "the Mylan Defendants." The parties also have submitted their Settlement Agreement (Doc. 454-2) dated December 31, 2024, which, together with other filed exhibits (*see* Docs. 454-4–454-9) set forth the terms and conditions for: (1) a proposed settlement of the action against the Mylan Defendants; and (2) dismissal of the action against those Mylan Defendants.

The court has read and evaluated "Plaintiffs' Motion for Certification of a Settlement Class, Preliminary Approval of Settlement, and Related Relief" (Doc. 453), its supporting

Memorandum (Doc. 454), the Settlement Agreement (Doc. 454-2), and all attached exhibits. As explained below, the court sustains the motion, preliminarily approves the settlement, preliminarily certifies the Settlement Class for settlement purposes only, and grants related relief. Below, the court explains its reasoning.

## Analysis

The court begins with the legal standard for preliminary approval of a putative class settlement under Rule 23(e). Rule 23(e) permits the parties to settle the claims of a certified class action, but "only with the court's approval." Fed. R. Civ. P. 23(e)(2). If a putative settlement would bind class members, the court may approve a settlement only upon finding that is "fair, reasonable, and adequate[.]" *Id.* The Tenth Circuit has identified four factors that district courts must consider when deciding whether a proposed class settlement is "fair, reasonable, and adequate." These factors require the court to inquire:

(1) whether the proposed settlement was fairly and honestly negotiated;

(2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt;

(3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and

(4) whether the parties believe the proposed settlement is fair and reasonable.

*Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). The settlement approval process typically unfolds in two distinct phases.

*First*, the court considers whether preliminary approval of the settlement is warranted. 4 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:10 (6th ed. 2024); *Confer v. Milwaukee Elec. Tool Corp.*, No. 23-2028-KHV, 2023 WL 8474543, at *2 (D. Kan. Dec. 7, 2023). "If the Court grants preliminary approval, it directs notice to class members and

sets a hearing" when "it will make a final determination on the fairness of the class settlement." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. 488, 492 (D. Kan. 2012); *see also Newberg and Rubenstein on Class Actions* § 13:10 ("[T]he court's primary objective at [the preliminary approval stage] is to establish whether to direct notice of the proposed settlement to the class, invite the class's reaction, and schedule a final fairness hearing."). *Second*, "taking account of all of the information learned during [the preliminary approval] process, the court decides whether or not to give 'final approval' to the settlement." *Newberg and Rubenstein on Class Actions* § 13:10. This Memorandum and Order only considers the first of these two steps.

Because preliminary approval is just the first step, courts apply a "less stringent" standard than they apply at the final approval stage. *Freebird, Inc. v. Merit Energy Co.*, No. 10-1154-KHV, 2012 WL 6085135, at *5 (D. Kan. Dec. 6, 2012). "[D]istrict courts [have] developed a jurisprudence whereby they undert[ake] some review of the settlement at preliminary approval, but perhaps just enough to ensure that sending notice to the class [is] not a complete waste of time." *Newberg and Rubenstein on Class Actions* § 13:10 (footnote omitted). "The general rule [is] that a court [will] grant preliminary approval where the proposed settlement [is] neither illegal nor collusive and is within the range of possible approval." *Id.* (internal quotation marks and citation omitted). And while the preliminary approval stage is distinct from the final approval stage, and even though "the Court will consider [the Tenth Circuit's] factors in depth at the final fairness hearing, they are a useful guide at the preliminary approval stage as well." *In re Motor Fuel Temperature Sales Pracs. Litig.*, 286 F.R.D. at 502–03.

Consistent with the approach charted by these authorities, and after applying the standard used at the preliminary approval stage, the court grants "Plaintiffs' Motion for Certification of a

Settlement Class, Preliminary Approval of Settlement, and Related Relief" (Doc. 453). It also adopts the following findings and conclusions.

## JURISDICTION

1.    This court has subject matter jurisdiction over this action and personal jurisdiction over Plaintiffs, the members of the proposed Direct Purchaser Settlement Class, and the Mylan Defendants.

## CERTIFICATION OF THE SETTLEMENT CLASS

2.    The court hereby certifies a Direct Purchaser Settlement Class (the "Class") under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), for settlement purposes only, defined as follows:

> All persons or entities in the United States, its territories, possessions, and the Commonwealth of Puerto Rico, who purchased EpiPen or generic EpiPen directly from Mylan or Teva, for resale, at any time during the period from March 13, 2014 until the date on which the court enters the Preliminary Approval Order.

3.    Excluded from the Class are the Mylan Defendants and their officers, directors, management, employees, predecessors, subsidiaries, and affiliates, and all federal governmental entities.

## APPOINTMENT OF CO-LEAD SETTLEMENT COUNSEL

4.    The court appoints Michael L. Roberts of the Roberts Law Firm US, PC, and Linda P. Nussbaum of Nussbaum Law Group, LLC as Co-Lead Settlement Class Counsel ("Class Counsel"). Also, the court appoints Bradley T. Wilders as Liaison Counsel for the Class.

## PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT

5.    Here, the court finds that it likely will be able to approve the proposed Settlement because all the relevant factors favor approving the proposed Settlement between

Plaintiffs and the Mylan Defendants.  Therefore, the court preliminarily approves the Settlement between Plaintiffs and the Mylan Defendants as fair, reasonable, and adequate, subject to additional consideration at the Final Approval Hearing, as described below.

6.      The court preliminarily finds that the court is likely to approve the proposed Settlement because it:  (i) results from arm's-length negotiations; (ii) delivers greater value to the Class than the class might secure after protracted litigation, especially in light of serious questions of law and fact that place the ultimate outcome of the litigation (as it applies to the Mylan Defendants) in doubt; (iii) is fair and reasonable, in the judgment of the Settling Parties; (iv) falls within the range of reasonableness warranting preliminary approval; (v) has no obvious deficiencies; and (vi) warrants sending notice of the proposed Settlement to members of the Class, all subject to additional consideration at the Settlement's Final Approval Hearing described below.

7.      In addition, for reasons set forth in Plaintiff's memorandum of law, the court also finds it likely that the court will certify the settlement Class finally for purposes of entering a final judgment.  *See* Fed. R. Civ. P. 23.

## APPROVAL OF FORM AND MANNER OF NOTICE

8.      The court finds that the proposed form of notice and the proposed methods of disseminating notice constitute the best notice to the Class Members practicable under the circumstances; are reasonably calculated, under the circumstances, to describe the terms of the Settlement and to apprise Class Members of their right to object; and satisfy Fed. R. Civ. P. 23(e) and attendant principles of due process, and otherwise are fair and reasonable.

9.      The court thus approves the form and content of the proposed Detailed Notice, Claim Form, Summary Notice, and Reminder Notice substantially in the form attached to the Memorandum as Exhibits 3, 4, 5, and 6, respectively.

10.      The court appoints the firm A.B. Data, Ltd. ("Settlement Administrator") to supervise and administer the notice procedure and, later, if the court finally approves the settlement, to process claims.

11.      The court appoints the firm Huntington Bank ("Escrow Agent") to serve as Escrow Agent for the purpose of receiving and investing the Settlement Fund in accordance with the terms of the escrow agreement.

12.      Not later than February 27, 2025 (the "Notice Date"), the Settlement Administrator must commence distributing the Notice to all Class Members who can be identified with reasonable effort, along with a Claim Form, and must post such Notice and Claim Form, along with other documents filed in connection with the Settlement, on the case-specific website.

13.      Not later than March 13, 2025, the Settlement Administrator must cause the Summary Notice to be disseminated as a news release in *Business Wire*, for 30 days on the Pink Sheet website, and once in *The Wall Street Journal*.

14.      Not later than March 27, 2025 (the "Notice Date"), the Settlement Administrator must commence distribution of the Reminder Notice to all Class Members who were identified but who have not submitted a Claim Form.

15.      The Notices must list May 29, 2025, as the deadline to postmark or electronically submit Claim Forms, and April 11, 2025, as the deadline for Class Members to opt out of the Class and/or file an objection to the Settlement, the Plan of Allocation, and/or Class Counsel's

requests for awards for litigation costs and expenses, and attorneys' fees. Class Counsel will
have until April 25, 2025, to respond to any objections to the Settlement or requests for awards
for litigation costs and expenses, and attorneys' fees.

16.    Further, the Notices must list March 21, 2025, as the date when Class Counsel
must move for final approval of the Settlement and file any requests for awards for litigation
costs and expenses, and attorneys' fees.

17.    Class Counsel must file proof of such distribution and publishing with the motion
seeking final approval.

18.    All fees and expenses incurred in identifying and notifying Class Members will be
paid from the Settlement Fund, and in no event shall any of the Released Parties bear any
responsibility or liability for such fees or expenses.

## CLAIMS ADMINISTRATION

19.    Class Members who already have submitted a valid Claim Form in connection
with the Pfizer Settlement automatically will be included as members of the settlement with
Mylan Defendants, using the claim form already submitted and will be provided the opportunity
to submit supplemental information because the Class Period is longer than that adopted by the
Pfizer Settlement. Class Members who wish to participate in the Settlement but did not submit a
valid Claim Form during the settlement with Pfizer must complete and submit Claim Forms in
accordance with the instructions. Any Class Member who submits a Claim Form must
reasonably cooperate with the Settlement Administrator, including responding promptly to any
inquiry made by the Settlement Administrator, and in any event, any Class Member submitting a
Claim Form will have 28 days (from the date when it is contacted by the Settlement
Administrator about any deficiencies) to cure such deficiencies. If the claimant fails to cure the

deficiencies within that period, the Settlement Administrator must reject the claim and notify the claimant of the rejection by letter. The Settlement Administrator's determination about a claim's validity shall be final, unless a Class Member lodges an objection to the Settlement Administrator's determination within 14 calendar days of receipt of such determination or within 30 calendar days from the mailing of such determination, whichever is longer. If the Class Member and the Settlement Administrator are unable to resolve their dispute after the objection is submitted, the Settlement Administrator shall inform the Class Member that it may appeal the determination by filing a motion for review with the court no later than 14 calendar days after being so advised by the Settlement Administrator. Any Class Member who does not timely submit a Claim Form by the deadline provided will be barred from sharing in the distribution of the proceeds of the Settlement, but nonetheless shall be bound by the Settlement Agreement, the Judgment, and the releases, unless they opt out of the Class by the deadline for opting out, or otherwise ordered by the court. The Settlement Administrator, in consultation with class counsel, may accept late-submitted claims and late-submitted information so long as acceptance will not delay distributing Settlement Funds to Class Members materially.

20.    The Claim Form submitted by each Class Member must: (a) be properly completed, signed, and submitted in a timely manner; (b) be deemed adequate by the Settlement Administrator or Class Counsel; (c) if the person executing the Claim Form is acting in a representative capacity, include a certification of the signing person's authority to act on behalf of the claimant; and (d) be signed under penalty of perjury. As part of the Claim Form, each claimant must submit to the jurisdiction of the court with respect to the claim submitted.

## FINAL APPROVAL HEARING

21.     The court will convene the Final Approval Hearing before this court on May 9,

2025, at 1:30 p.m., or later, at the court's convenience, in Courtroom 476 of the Robert J. Dole

United States Courthouse, 500 State Avenue, Kansas City, Kansas, 66101.  At the Final

Approval Hearing, the court will consider (i) whether the proposed Settlement is fair, reasonable

and adequate; (ii) whether the proposed Plan of Allocation, attached to the Memorandum as

Exhibit 8 is fair, reasonable, and adequate and should be approved; (iii) the amount of attorneys'

fees, costs, and expenses that should be awarded to Class Counsel; (iv) any objections by

members of the Class; and (v) whether to grant final approval to the proposed Settlement.

22.     Any Class Member may enter an appearance in the Action, at the Class Member's

own expense.  If a Class Member does not enter an appearance, that Class Member will continue

to be represented by Class Counsel.

23.     Any Class Member may appear at the Final Approval Hearing and demonstrate

why the court should or should not approve the proposed Settlement as fair, reasonable, and

adequate, why the court should or should not enter a judgment, why the court should or should

not approve the Plan of Allocation, why or why not the court should award attorneys' fees (and if

so, in what amount), and why or why not the court should award costs and expenses to Class

Counsel (and if so, in what amount); provided, however, that no Class Member or any other

person or entity shall be heard or entitled to contest such matters, unless that person or entity has

filed and served on Class Counsel their objections by the deadline provided.

24.     Any objections must (i) state the name, address, email address, and telephone

number of the objector and must be signed by the objector or the objector's counsel; (ii) state

that the objector is objecting to the proposed Settlement, plan of allocation, and/or request for an

9

award of attorneys' fees, reimbursement of costs and expenses; (iii) state each objection and the specific reasons for each objection; (iv) state whether the objection applies only to the objector, to a subset of the Class, or to the entire Class; (v) identify all class actions to which the objector and the objector's counsel previously has objected; (vi) include documents sufficient to prove the objector's membership in the Class; (vii) state whether the objector intends to appear at the Final Approval Hearing; (viii) state whether the objector intends to appear at the Final Approval Hearing through counsel, the identities of all attorneys who will appear on the objector's behalf at the Final Approval Hearing; and (ix) state that the objector submits to the jurisdiction of the court with respect to the objection.  The court will consider a Class Member's objection only if the Class Member has complied with the above requirements.  Any Class Member who does not make the Class Member's objection in substantially the manner provided will be deemed to have waived such objection and forever shall be foreclosed from making any objection, unless otherwise ordered by the court.  Class Members do not need to appear at the Final Approval Hearing or take any action to indicate their approval.

25.     The Fairness Hearing may be rescheduled or continued; in this event, the court will furnish all counsel with appropriate notice.  Class Counsel shall be responsible for communicating any such notice promptly to the Settlement Class by posting conspicuous notice on the Settlement Website.

26.     All funds held by the Escrow Agent will remain subject to the jurisdiction of the court until such funds are distributed pursuant to the Settlement Agreement or further order of the court.

27.     Pending final approval of the Settlement and the entry of final judgment in this Action, all proceedings in this Action (other than those incidental to the settlement process) are stayed.

28.     Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, will be construed as an admission or concession by the Mylan Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind.  Nor shall any such matter constitute, be construed as, or be deemed to be evidence of or an admission by Plaintiffs for the absence of merit in any of their allegations or claims against the Mylan Defendants.

29.     If the Settlement Agreement is not approved or consummated for any reason, the Settlement Agreement and all proceedings in connection with it:  (a) will not prejudice the rights of the Settling Parties as set forth in the Settlement Agreement; (b) Plaintiffs and the Mylan Defendants will revert to their positions before signing the Settlement Agreement, without prejudice to their claims and defenses; and (c) the litigation of their claims will resume in a reasonable manner subject to court approval.

**IT IS THEREFORE ORDERED BY THE COURT THAT** "Plaintiffs' Motion for Certification of a Settlement Class, Preliminary Approval of Settlement, and Related Relief" (Doc. 453) is granted, consistent with this Memorandum and Order. The court also establishes the following deadlines:

| Event | Deadline |
|---|---|
| Settlement Administrator to mail notice and claim form to known Settlement Class Members | February 27, 2025 |
| Settlement Administrator to cause digital notice to be published (in *Business Wire*, the Pink Sheet website, and *The Wall Street Journal*) | March 13, 2025 |
| Settlement Administrator to mail reminder notice to known Settlement Class Members | March 27, 2025 |
| Claims Deadline | May 29, 2025 |
| Final Approval Motion and Fee Petition | March 21, 2025 |
| Deadline to Object to or Opt-Out of the Settlement | April 11, 2025 |
| Plaintiffs' Responses to any objections to the Settlement, Fee Petition, or Allocation Plan | April 25, 2025 |
| Final Approval Hearing | May 9, 2025, at 1:30 p.m. CDT in Courtroom 476 |

**IT IS SO ORDERED.**

**Dated this 6th day of February, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**